Elizabeth L. Kolar, Esq. (SBN 168935)
Chad G. Chapman, Esq. (SBN 325365)
**KOLAR & ASSOCIATES,**
**A LAW CORPORATION**
12241 Newport Avenue
Santa Ana, California 92705
Tel    :    (714) 544-0041
Email :    chad@kolarandassociates.com

Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA AUTONATION FINANCE and VALENCIA B IMPORTS, INC. DBA VALENCIA BMW**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RONALD REAGAN FEDERAL BUILDING AND U.S. COURTHOUSE

| | |
|---|---|
| LINDON ANDRE VOGLEZON II,<br><br>    Plaintiff,<br><br>vs.<br><br>CIG Financial, LLC, dba AUTONATION FINANCE; VALENCIA B IMPORTS, INC., dba VALENCIA BMW, also known as "AUTONATION BMW VALENCIA"<br><br>    Defendants | Case No.: 8:25-cv-02407-FWS-ADS<br><br>Hon. Fred W. Slaughter<br>United States District Court Judge<br>Courtroom: 10D<br><br>**DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**<br><br>*[Filed concurrently with Declaration of Chad G. Chapman, Esq. and [Proposed] Order]*<br><br>Complaint Filed:     October 24, 2025<br><br>Date:           January 29. 2026<br>Time:           1:30 PM<br>Courtroom:      10D |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 29, 2026, at 1:30 PM, or as soon thereafter as the matter may be heard in Courtroom 10D of the United States District Court for the Central District of California, Southern Division located at 411 West 4th Street, Santa Ana, CA 92701, Defendants CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW (collectively "Defendants") will and hereby do move the Court under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) for an Order granting Defendants' Motion to Dismiss ("Motion") Plaintiff LINDON ANDRE VOGLEZON II's ("Plaintiff") Complaint.

This Motion is brought under FRCP Rule 12(b)(6), on the grounds that Plaintiff failed to state a claim against Defendants upon which relief can be granted.

This Motion is made following the conference of counsel for Defendants and Plaintiff, representing himself in pro per, pursuant to Local Rule 7-3, which took place on December 9, 2025.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support, the Declaration of Chad G. Chapman, all other pleadings and papers on file herein, and any further argument and evidence the Court may properly receive at or before the hearing on this Motion.

DATED: December 12, 2025

**KOLAR & ASSOCIATES,
A LAW CORPORATION**

By: /s/ Chad Chapman
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................6

II. PROCEDURAL HISTORY ..................................................................................6

III. STATEMENT OF FACTS.....................................................................................7

IV. LEGAL STANDARD............................................................................................9

V. PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF FAILS AS A MATTER OF LAW ..................................................................................................11

   A. Plaintiff Cannot Show a Violation of 15 U.S.C. § 1681b(a)(2) Because Plaintiff Authorized the Credit Pulls................................................................12

   B. Defendants Had a Permissible Purpose to Run the Credit Check Because Plaintiff Initiated a Transaction Involving the Extension of Credit to Plaintiff as Contemplated by 15 U.S.C. § 1681b(a)(3)(A) ..........................................14

   C. Defendant Had a Permissible Purpose to Run the Credit Check Because the Defendants Had a "Legitimate Business Need" as Defined in 15 U.S.C. § 1681b(a)(3)(F) ................................................................................................14

VI. PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 15 U.S.C. §§ 1681q, 1681n IS NOT COGNIZABLE AND FAILS AS A MATTER OF LAW ..................................................................................................16

VII. PLAINTIFF'S THIRD CLAIM FOR VIOLATIONS OF 15 U.S.C. §§ 1681n, 1681o IS NOT COGNIZABLE AND FAILS AS A MATTER OF LAW ..................................................................................................17

VIII. CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

**Federal Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................. 9, 10

Baker v. Bronx-Westchester Investigations, 850 F. Supp. 260 (S.D.N.Y. 1994) ... 12

Balistreri v. Pacifica Police Department, 901 F.2d 696 (9th Cir. 1990) ................... 9

Beliveau v. Caras, 873 F. Supp. 1393 (C.D. Cal. 1995) ............................................ 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................................ 9, 10

Breneisen v. Countryside Chevrolet/Buick/GMC, Inc., 573 F. Supp. 3d 1328 (E.D. Wis. 2021) ............................................................................................................... 16

Brogan v. Fred Beans Chevrolet, Inc., 855 F. App'x 825 (3d Cir. 2021) ............... 13

Demay v. Wells Fargo Home Mortg., Inc., 279 F. Supp. 3d 1005 (N.D. Cal. 2017) ................................................................................................................................ 11

Ecological Rights Foundation v. Pacific Gas & Electric Co., 713 F.3d 502 (9th Cir. 2013) ........................................................................................................................ 13

Landeis v. Future Ford, No. 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826 (E.D. Cal. June 14, 2006) .............................................................................. 14

Marder v. Lopez, 450 F.3d 445 (9th Cir. 2006) ....................................................... 13

McIntyre v. RentGrow, Inc., 34 F.4th 87 (1st Cir. 2022) ................................... 16, 18

Meeks v. Murphy Auto Grp., Inc., No. 8:09-cv-1050-T-TBM, 2010 U.S. Dist. LEXIS 132693 (M.D. Fla. Dec. 15, 2010) ............................................................... 13

Morris v. Trans Union LLC, 420 F. Supp. 2d 733 (S.D. Tex. 2006), aff'd, 224 Fed. Appx. 415 (5th Cir. 2007) ........................................................................................ 17

Moss v. U.S. Secret Serv., 572 F.3d 962 (9th Cir. 2009) ......................................... 11

Padin v. Oyster Point Dodge, 397 F.Supp.2d 712 (E.D. Va. 2005) ........................ 15

Scott v. Real Estate Fin. Group, 183 F.3d 97 (2d Cir. 1999) ...................... 15, 17, 18

Shepherd-Salgado v. Tyndall Fed. Credit Union, No. 11-0427-WS-B, 2011 U.S. Dist. LEXIS 129128 (S.D. Ala. Nov. 7, 2011) ........................................................ 14

| | |
|---|---|
| Smith v. Bob Smith Chevrolet, Inc., 275 F.Supp.2d 808 (W.D. Ky. 2003) | 15 |
| Sprewell v. Golden State Warriors, 266 F.3d 979 (9th Cir. 2001) | 10 |
| Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011) | 10 |
| Stergiopoulos v. First Midwest Bancorp, Inc., 427 F.3d 1043 (7th Cir. 2005) | 14 |
| Storm v. United States, 641 F.3d. 1051 (9th Cir. 2011) | 9 |
| Thomas v. U.S. Bank, N.A., 325 F. App'x 592 (9th Cir. 2009) | 11 |
| Tregenza v. Great American Communications Co., 12 F.3d 717 (7th Cir. 1993) | 10 |
| Weisbuch v. County of Los Angeles, 119 F.3d 778 (9th Cir. 1997) | 10 |

**Federal Statutes**

| | |
|---|---|
| 15 U.S.C. § 1681b | 11, 16 |
| 15 U.S.C. § 1681b(a) | 11 |
| 15 U.S.C. § 1681b(a)(2) | 12, 13 |
| 15 U.S.C. § 1681b(a)(3)(A) | 11, 12 |
| 15 U.S.C. § 1681b(a)(3)(F)(i) | 12 |
| 15 U.S.C. § 1681b(f) | 11 |
| 15 U.S.C. § 1681n | 16, 17 |
| 15 U.S.C. § 1681o | 17 |
| 15 U.S.C. § 1681q | 17 |
| Fed R. Civ. P. 8 | 10 |
| Fed. R. Civ. P. 12(b)(6) | 9 |

5

DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

During the course of a vehicle purchase transaction – and crucially – before the Plaintiff Lindon Andre Voglezon II's ("Plaintiff") direct loan was finalized, Defendant Valencia B Imports, Inc. DBA Valencia BMW ("Valencia BMW") requested that Plaintiff fill out a credit application. This allowed Plaintiff to drive away with the vehicle while financing was in progress. Plaintiff now alleges that the ensuing credit inquiries – all made before Plaintiff's loan was consummated – were unauthorized. Defendant Valencia BMW had a permissible purpose to pull the credit because the credit pulls were related to a "credit transaction" as contemplated by the Fair Credit Reporting Act ("FCRA"), or were otherwise justified by a legitimate business need (i.e., Plaintiff leaving the lot with a vehicle that had not been paid for).

In any case, Plaintiff also admits to having signed a credit application immediately before the allegedly "unauthorized" pulls.

As such, each of Plaintiff's claims for violations of 15 U.S.C. §§ 1681b, 1681n, 1681o, and 1681q should be dismissed because the conduct described, even viewed in the light most favorable to Plaintiff, is not a violation of the FCRA or any other law.

## II. PROCEDURAL HISTORY

On October 24, 2025, Plaintiff filed the Complaint to initiate this lawsuit. (Dkt. 1.) In the Complaint, Plaintiff alleged three claims against Valencia BMW and CIG Financial, LLC, dba AutoNation Finance for Violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.: (1) Obtaining/Using a Consumer Report without a Permissible Purpose (15 U.S.C. §§ 1681b(f), 1681n, 1681o); (2) Obtaining a Consumer Report under False Pretenses (15 U.S.C. §§ 1681q, 1681n); (3) Willful and/or Negligent Noncompliance (15 U.S.C. §§ 1681n, 1681o). (Dkt. 1.) After Plaintiff served Defendants with the Complaint, the Parties stipulated to extend the

time for Defendants to respond to the Complaint to December 12, 2025. (Dkt. 12.) The Court approved the stipulation on December 3, 2025. (Dkt. 13.) Shortly thereafter, the Parties met and conferred via telephonic conference to discuss the issues presented in this Motion to Dismiss. The Parties did not reach a resolution; thus, Defendants timely brought this Motion.

### III.   STATEMENT OF FACTS

Plaintiff alleged that on July 15, 2025, he visited Valencia BMW to purchase a 2023 Lexus ES 300h (the "Vehicle"). (Complaint ("Compl.") ¶ 12.) Plaintiff alleged he already had pre-approval from Navy Federal Credit Union ("NFCU") in the amount of $40,000.00 to purchases the Vehicle. (Compl. ¶ 10.) Plaintiff alleged that he "declined dealership financing" and did not authorize Defendants to conduct a hard credit pull. (Compl. ¶¶ 12-13.) Thus, Plaintiff alleged that Defendants are liable to him for conducted an unauthorized hard credit pull; however, Plaintiff alleged repeatedly that he did, in fact, sign a credit application authorizing Defendants to conduct a hard credit pull. (Compl.)

Plaintiff filled out and signed a credit application, which he confirmed repeatedly in the Complaint without attaching it. (Compl. ¶¶ 22, 37-39, 48, 53(c), 64(ii), Ex. D [July 25, 2025, Email Correspondence from Plaintiff to Gary Kazandjian], Ex. O [Declaration of Lindon Andre Voglezon II ¶ 13], Ex. S [BBB Response and Rebuttal], Ex. X [BBB Response and Rebuttal].) In fact, Plaintiff expressly stated that "it is true that I signed the documents" in response to Defendants' claim that Plaintiff "filled out and signed a Long Form Credit Application…a Route One Credit Application…[and] the credit disclosure that disclosed his score at the time of the pull." (Compl. Exs. S & X.) A true and correct copy of Plaintiff's signed credit application is attached as **Exhibit 1** to the Declaration of Chad G. Chapman, served concurrently and in support of this Motion.

Despite Plaintiff unequivocally signing a credit application, thus authorizing

7
DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

Defendants to conduct a hard credit pull, Plaintiff allege that Defendants conducted unauthorized inquiries on July 15, 2025 (Experian), July 16, 2025 (Equifax), and July 17, 2025 (Transunion). (Compl. ¶ 14, see Chapman Decl. ¶ Ex. 1.) However, Plaintiff alleged he did not "consummate" his loan through NFCU until July 30, 2025. (Compl. ¶ 35.) Which means that the underlying transaction of purchasing the Vehicle was ongoing when Defendants allegedly pulled Plaintiff's credit. (Compl. ¶¶ 17, 35.)

Plaintiff attempts to plead around the fact that he signed a credit application authorizing Defendants to conduct a hard credit pull by making false representations regarding the content of the exhibits that the attached to the Complaint (Compl. ¶¶ 18, 21) and that his he signed the credit application under coercion, misrepresentation, and false pretenses (Compl. ¶¶ 37, 39, 46, 52).

First, none of the exhibits that Plaintiff alleges support his contention that Defendants admitted to pulling Plaintiff's credit without authorization. The credit denial letters attached as Exhibits C and F are credit denial letters and don't make any representations about authorization. (Compl. ¶ 18, Exs. C & F.) The transcribed voicemail from "Neil with AutoNation" from August 13, 2025, just states that Defendants want to work with Plaintiff to help resolve any issues; however, it does not state, as Plaintiff contends, that Defendants acknowledged that the credit pull was unauthorized. (Compl. ¶ 21, Ex. K.)

Second, Plaintiff does not provide any factual support for his allegations that he signed the credit application under coercion, false pretenses, or misrepresentations. Instead, he just makes blanket legal conclusions. (Compl. ¶¶ 37, 39, 45-50, 52.)

When read as a whole, the Complaint clearly alleges that Plaintiff authorized defendants to conduct a credit check during his purchase of the Vehicle. Which means that Plaintiff not only authorized the hard credit inquiry, but Plaintiff also

alleged that Defendants had a permissible purpose and legitimate business need to do so. (Compl. ¶¶ 17, 35.) Thus, the Court should grant this Motion in its entirety and dismiss the Complaint without leave to amend.

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure, Rule 12(b)(6) ("FRCP 12(b)(6)"), a defendant may move for dismissal when a complaint fails to state a claim upon which relief can be granted. (Fed. R. Civ. P. 12(b)(6).) A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. (Storm v. United States, 641 F.3d. 1051, 1067 (9th Cir. 2011).) When ruling on a motion to dismiss under FRCP 12(b)(6), the Court must consider whether the complaint meets the general pleading standards of FRCP 8 to determine if the complaint is legally sufficient. (Ashcroft v. Iqbal, 556 U.S. 662, 684-687 (2009).) While all properly pleaded factual allegations are accepted as true, the court need not accept conclusory allegations or legal characterizations as true. (Beliveau v. Caras, 873 F. Supp. 1393, 1395-1396 (C.D. Cal. 1995).) A motion to dismiss is properly granted where a plaintiff fails to plead a cognizable legal theory or fails to plead sufficient facts under a cognizable legal theory. (Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).)

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).) In other words, the complaint must contain facts that are enough to raise the right to relief "above the speculative level." (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).) .In addition, "[a] claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Iqbal, supra, 556 U.S. at 678.) However, pleadings that "are no more than

DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

conclusions" are "not entitled to the assumption of truth." (Id. at 679.) Federal courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).)

Though a complaint "does not need detailed factual allegations" to survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).) The "[f]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." (Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).) "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with)" a defendant's liability "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007), see also Fed R. Civ. P. 8.)

Furthermore, a motion to dismiss under FRCP 12(b)(6) for failure to state a claim is appropriate when the complaint, on its face, discloses an absolute defense or bar to recovery, "if the pleadings establish fact compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." (Weisbuch v. County of Los Angeles, 119 F.3d 778, 783, fn.1 (9th Cir. 1997), see also Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993) ["if a plaintiff pleads facts that show his suit is…without merit, he has pleaded himself out of court"].)

In sum, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

10
DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

1  suggestive of a claim entitling the plaintiff to relief." (Moss v. U.S. Secret Serv., 572
2  F.3d 962, 969 (9th Cir. 2009).)
3      Here, Plaintiff failed to allege any claim upon which relief can be granted. To
4  the contrary, Plaintiff alleged that Defendants *did not* violate FCRA

5  **V.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF FAILS AS A**
6  **MATTER OF LAW**

7      For all intents and purposes, Plaintiff's First Claim is an alleged violation of
8  15 U.S.C. § 1681b(f) for alleged unauthorized credit inquiry conducted by
9  Defendants. Under the FCRA, to succeed on a claim that a defendant conducted an
10 unauthorized hard credit pull in violation of 15 U.S.C. § 1681b, a plaintiff must
11 allege: "(1) the defendant obtained a consumer credit report from a Consumer
12 Reporting Agency, (2) without a permissible purpose, and (3) the defendant acted
13 willfully or negligently in requesting the report." (Demay v. Wells Fargo Home
14 Mortg., Inc., 279 F. Supp. 3d 1005, 1008 (N.D. Cal. 2017); see also Thomas v. U.S.
15 Bank, N.A., 325 F. App'x 592, 593 (9th Cir. 2009) [affirming grant of summary
16 judgment in favor of defendant on § 1681b(f) claim where plaintiff failed to present
17 evidence that the defendant requested the report without a permissible purpose]; 15
18 U.S.C. § 1681b.)

19     Here, Plaintiff alleges he did not provide "written instructions" to authorize the
20 credit pull under 15 U.S.C. § 1681b(a). (Compl. ¶ 40.) This allegation is patently
21 false, as it is not only defeated by Plaintiff's own allegations in the Complaint, but
22 Exhibit 1 unequivocally shows that Plaintiff did, in fact, provide written instructions
23 to authorize a credit pull. (Compl. ¶¶ 22, 37-39, 48, 53(c), 64(ii), Exs. D, O, S, & X,
24 Chapman Decl. ¶ , Ex. 1.) Plaintiff also avers that he did not initiate with a "credit
25 transaction" with Defendants as contemplated by 15 U.S.C. § 1681b(a)(3)(A).
26 (Compl., ¶ 40.) The latter is, even assuming the truth of all Plaintiff's factual
27 statements, untrue as a matter of law, notwithstanding the fact that Plaintiff had his

own financing. Moreover, Defendants also had a legitimate business need for the credit information.

First, a consumer reporting agency may furnish a credit report "[i]n accordance with the written instructions of the consumer to whom it relates." (15 U.S.C. § 1681b(a)(2).) This applies because the customer provided a handwritten and signed credit application. (Chapman Decl. ¶ , Ex. 1).

Second, a consumer report may be furnished where the user of the credit report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . ." (15 U.S.C. § 1681b(a)(3)(A).) Plaintiff will argue that this does not apply because Plaintiff had obtained his own auto financing, but, as articulated below, courts who have considered this issue have not taken such a restrictive view.

In any case, this transaction fits squarely within the final relevant prong, when the person to whom the report is furnished "otherwise has a legitimate business need for the information—in connection with a business transaction that is initiated by the consumer." (15 U.S.C. § 1681b(a)(3)(F)(i).)

Either a permissible purpose or authorization are required, but where there is a permissible purpose, authorization is not required. (Baker v. Bronx-Westchester Investigations, 850 F. Supp. 260, 264 (S.D.N.Y. 1994).) Even assuming Plaintiff did not validly authorize the credit pulls (which he unequivocally did), Plaintiff will still be unable to show that Defendants violated 15 U.S.C.S. § 1681b because the credit pull was related to a "credit transaction" and/or "legitimate business need."

### A. Plaintiff Cannot Show a Violation of 15 U.S.C. § 1681b(a)(2) Because Plaintiff Authorized the Credit Pulls

Plaintiff signed a credit application on July 15, 2025. Plaintiff refers to the credit application numerous times throughout the Complaint – rather than claim that

he did not sign it, he argues BMW Valencia procured it was obtained under false pretenses, coercion, or misrepresentation, but provides no facts supporting these conclusory allegations. (Compl. ¶¶ 22, 37, 38, 39, 46, 48, 52, 53, 64, Exs. D, O, S, & X.)

If a plaintiff fails to attach a document to their complaint, but the complaint necessarily relies on said document, then a court may consider the document when ruling on a FRCP 12(b)(6) Motion to Dismiss if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." (Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Ecological Rights Foundation v. Pacific Gas & Electric Co., 713 F.3d 502, 511 (9th Cir. 2013).) Therefore, the signed credit application should be considered for purposes of this Motion to Dismiss. The application states in relevant part:

> The undersigned (1) make the above representations, which are certified to be correct, for the purpose of securing credit; (2) authorize us, the financial institution(s) and our respective affiliates to gather whatever credit and employment history it considers necessary and appropriate to determine creditworthiness.

> It further states:
> This Credit Application may be submitted to various financial institution(s), including those named below, in connection with the purchase or approval of a sales finance contract written, or to be written, with your purchase. You are notified pursuant to the Fair Credit Reporting Act that your application may be submitted to them. (Chapman Decl., ¶ , Ex. 1.)

Plaintiff admits in the Complaint that he signed the credit application quoted above, and therefore Dealership was permitted to pull the credit report under 15 U.S.C. § 1681b(a)(2). (Brogan v. Fred Beans Chevrolet, Inc., 855 F. App'x 825, 827 (3d Cir. 2021); Meeks v. Murphy Auto Grp., Inc., No. 8:09-cv-1050-T-TBM, 2010 U.S. Dist. LEXIS 132693, at *8 (M.D. Fla. Dec. 15, 2010).)

**B. Defendants Had a Permissible Purpose to Run the Credit Check Because Plaintiff Initiated a Transaction Involving the Extension of Credit to Plaintiff as Contemplated by 15 U.S.C. § 1681b(a)(3)(A)**

Seeking financing for the purchase of a new car is sufficient to bring the transaction under subparagraph (3)(A). (Stergiopoulos v. First Midwest Bancorp, Inc., 427 F.3d 1043, 1047 (7th Cir. 2005).)

In Landeis v. Future Ford, the plaintiff went shopping for a car and told the dealership that he would pay with cash and "clarified repeatedly with the staff of Future Ford that he wished to pay cash for the vehicle and did not wish to have his credit checked." (Landeis v. Future Ford, No. 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826, at *2-3 (E.D. Cal. June 14, 2006).) Unable to obtain the cash, the plaintiff left a post-dated check with the dealership, and during closing of the sale, the dealership ran plaintiff's credit. (Id.) In granting summary judgment to Defendant, the Eastern District noted, "While it is undisputed that Plaintiff objected to having his credit checked, it is likewise undisputed that he proceeded with a credit transaction securing Defendant's right to obtain his credit report under section 1681b(a)(3)(A)." (Id. at *12.) Significantly, what made this a "credit transaction" is the fact that the plaintiff tendered a check in exchange for the car. (Id. at *11-12; Shepherd-Salgado v. Tyndall Fed. Credit Union, No. 11-0427-WS-B, 2011 U.S. Dist. LEXIS 129128, at *24 (S.D. Ala. Nov. 7, 2011).)

Here, the facts are strikingly similar. Plaintiff purchased a car from Valencia BMW and allegedly stated repeatedly that he did not want financing from defendants. He then tendered a check to Valencia BMW for the purchase of the Vehicle that did not clear for twenty days.

**C. Defendant Had a Permissible Purpose to Run the Credit Check Because the Defendants Had a "Legitimate Business Need" as Defined in 15 U.S.C. § 1681b(a)(3)(F)**

As Plaintiff admitted, the NFCU loan was not "consummated" until July 30. (Compl. ¶ 35.) Yet, Plaintiff asserts that the unauthorized credit pulls were done earlier, on July 15, 2025 (Experian), July 16, 2025 (Equifax), and July 17, 2025 (Transunion). (Compl. ¶ 17.)

Although untrue that Defendants proffered a false pretext for pulling the credit report, as a matter of law, the latter is irrelevant. In other words, a "legitimate business need" is sufficient as a permissible purpose – and the inquiry ends there.

When credit is checked pursuant to an ongoing transaction with a dealership, it qualifies as a "legitimate business need." (Padin v. Oyster Point Dodge, 397 F.Supp.2d 712, 721 (E.D. Va. 2005).) In addition, the Second Circuit has held that "a report requester does not violate Section 1681q by giving a false reason for its request if it has an independent legitimate basis for requesting the report." (Scott v. Real Estate Fin. Group, 183 F.3d 97, 99 (2d Cir. 1999).) Thus, even if Plaintiffs allegations were taken as true, the alleged false reasoning for pulling Plaintiff's credit is irrelevant as Defendants unequivocally had a legitimate business need.

The question is whether there was an ongoing business transaction at the time that the Defendants performed the credit check, which is a "legitimate business need," as defined in the statute. Federal courts have answered this question on various grounds but come to the same conclusion, there is a legitimate business need until the transaction ends. The court in Smith v. Bob Smith Chevrolet, Inc., 275 F.Supp.2d 808 held that when a dealership accessed a credit report *after the price had been paid in full*, there was no legitimate business need because the "part of the transaction which Plaintiff initiated" related to "Plaintiff's eligibility and debt was concerned, ended when the parties created a contract for the car's price and Plaintiff paid that price in full." (Smith v. Bob Smith Chevrolet, Inc., 275 F.Supp.2d 808, 819 (W.D. Ky. 2003).) Similarly, the court in Breneisen v. Countryside Chevrolet/Buick/GMC, Inc., 573 F. Supp. 3d 1328 held when the customer had

already declined to purchase a vehicle when the dealership ran the credit inquiries. (Breneisen v. Countryside Chevrolet/Buick/GMC, Inc., 573 F. Supp. 3d 1328, 1333-1334 (E.D. Wis. 2021).)

Here, the underlying transaction was unequivocally ongoing. Plaintiff alleged he had not paid any money at all, much less in full, towards the purchase of the Vehicle when Defendants conducted the allegedly disputed inquiries. Obviously, Plaintiff does not allege that he declined to purchase the vehicle when the inquiries were run because he purchased the Vehicle. Thus, Defendants' had a legitimate business need because the transaction was not "consummated" at the time they conducted the allegedly unauthorized credit pulls. (Compl. ¶ 35.).

Therefore, Plaintiff's First Claim fails as a matter of law on three different grounds. Thus, Defendants request that the Court grant this Motion and dismiss Plaintiff's First Claim for violation of 15 U.S.C. §§ 16891b(f), 1681n, 1681o without leave to amend.

## VI. PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 15 U.S.C. §§ 1681q, 1681n IS NOT COGNIZABLE AND FAILS AS A MATTER OF LAW

Neither 15 U.S.C. §§ 1681n or 1681q are independent sources of liability. 15 U.S.C. § 1681n identifies the damages available to a plaintiff for willful violations of FCRA. (15 U.S.C. § 1681n.) As the First Circuit noted, the "FCRA contains substantive provisions (like section 1681e(b)) that set out the compliance duties of CRAs with respect to consumer information. Section 1681o and section 1681n provide for liability for negligent noncompliance and willful noncompliance, respectively, with those compliance duties." (McIntyre v. RentGrow, Inc., 34 F.4th 87, 92 (1st Cir. 2022).)

As articulated above, Plaintiff has not demonstrated a violation of the substantive provision cited, 15 U.S.C. § 1681b. Plaintiff provided authorization for

the credit inquiries, Defendants conducted the inquiries in the midst of the transaction for the sale of the Vehicle, and Defendants had a permissible purpose because, as Plaintiff admitted, the NFCU loan was not "consummated" until July 30, 2025. (Compl. ¶ 35.) Without "a violation of the FCRA, there can be no finding of willful failure to comply with the statute." <u>Morris v. Trans Union LLC</u>, 420 F. Supp. 2d 733, 740-41 (S.D. Tex. 2006), aff'd, 224 Fed. Appx. 415 (5th Cir. 2007).)

15 U.S.C. § 1681q, identifies criminal liability where a person "knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." (15 U.S.C. § 1681q.) Not only are criminal penalties irrelevant in this civil lawsuit, "a report requester does not violate Section 1681q by giving a false reason for its request if it has an independent legitimate basis for requesting the report." (<u>Scott v. Real Estate Fin. Group</u>, 183 F.3d 97, 99 (2d Cir. 1999).) As previously set forth, there was a legitimate business need because the transaction had not yet been consummated at the time of the credit pulls.

Therefore, Plaintiff's Second Claim fails as a matter of law. Thus, Defendants request that the Court grant this Motion and dismiss Plaintiff's Second Claim violation of 15 U.S.C. §§ 16891n, 1681q without leave to amend.

## VII. PLAINTIFF'S THIRD CLAIM FOR VIOLATIONS OF 15 U.S.C. §§ 1681n, 1681o IS NOT COGNIZABLE AND FAILS AS A MATTER OF LAW

Plaintiff's Third Claim, much like the Second, is not cognizable as neither 15 U.S.C. §§ 1681n or 1681o are an independent source of liability. As articulated above, 15 U.S.C. § 1681n identifies the damages available to a plaintiff for willful violations of FCRA. (15 U.S.C. § 1681n.) While 15 U.S.C. § 1681o identifies the damages available to a plaintiff for negligent violations of FCRA. (15 U.S.C. § 1681o.)

This claim, like the previous two, is, therefore, predicated on the same

underlying facts – that Defendants obtained the report without a permissible purpose and under false pretenses and not having a "valid application." This is notwithstanding the fact that Plaintiff admits to having signed and/or filled out the credit application at issue. (Compl. ¶ 22; Chapman Decl., ¶ Ex. 1). As with the second claim, Plaintiff has demonstrated no violations of the FCRA because the credit pulls were authorized. (<u>McIntyre v. RentGrow, Inc.</u>, 34 F.4th 87, 92 (1st Cir. 2022).)

Moreover, as long as there was a "legitimate basis" for requesting the report, as here, it is simply irrelevant if the requester provided an inaccurate reason for requesting the report in the first place. (<u>Scott v. Real Estate Fin. Group</u>, 183 F.3d 97, 99 (2d Cir. 1999).)

Therefore, Plaintiff's Third Claim fails as a matter of law. Thus, Defendants request that the Court grant this Motion and dismiss Plaintiff's Third Claim for violation of 15 U.S.C. §§ 16891n, 1681o without leave to amend.

## VIII. <u>CONCLUSION</u>

As articulated above, all three of Plaintiff's claims alleged in the Complaint fail as a matter of law. Not only that, but as Plaintiff's own allegations clearly demonstrate, Plaintiff cannot cure the pleading deficiencies in the Complaint. Thus, Defendants request that the Court grant this Motion to Dismiss in its entirety without leave to amend.

DATED: December 12, 2025   **KOLAR & ASSOCIATES,**
**A LAW CORPORATION**

By: <u>/s/ Chad Chapman</u>
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW**

18

DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW certifies that this brief contains 4,044 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 12, 2025

**KOLAR & ASSOCIATES,
A LAW CORPORATION**

By: */s/ Chad Chapman*
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW**