1  Lindon Andre Voglezon II
2  b███████@gmail.com
3  ███████████████
4  Simi Valley, California, ███
5  ███-9040
6  Plaintiff in Pro Per



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Lindon Andre Voglezon II,<br><br>        Plaintiff,<br><br>    vs.<br><br>CIG Financial, LLC, dba<br>AUTONATION FINANCE<br><br>VALENCIA B IMPORTS, INC., dba<br>VALENCIA BMW, also known as<br>"AUTONATION BMW VALENCIA"<br><br>        Defendants. | Case No.: 8:25-cv-02407-FWS-ADS<br><br>Hon. Fred W. Slaughter<br>United States District Court Judge<br>Courtroom: 10D<br><br>**DECLARATION OF LINDON ANDRE VOGLEZON II PURSUANT TO FED. R. CIV. P. 56(d)**<br><br>*[Filed concurrently with Opposition To Defendant's Rule 12(b)(6), Objections to Extrinsic Evidence at Rule 12(b)(6), and Plaintiff's [PROPOSED] ORDER — Deny 12(b)(6); or Convert Under 12(d) and Grant Rule 56(d)]*<br><br>Complaint Filed:   October 24th, 2025<br>Hearing Date:     January 29th, 2026<br>Time:                      1:30 PM<br>Courtroom:        10D |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

I, Lindon Andre Voglezon II, declare:

1. I am the Plaintiff in this action. I submit this declaration under Fed. R. Civ. P. 56(d) because Defendants' Rule 12(b)(6) motion relies on materials outside the pleadings—including the Chapman Declaration and Exhibit 1 (the alleged credit application)—and invites the Court to resolve disputed issues of "authorization" and "permissible purpose" without discovery. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently to them.

2. Essential facts are unavailable without discovery. I cannot yet present all facts essential to justify my opposition to Defendants' contention that the July 15–17, 2025 hard credit inquiries were authorized and supported by a permissible purpose. In particular, Defendants' arguments depend on (i) the nature and scope of any alleged consent in the credit application, (ii) the internal processing and use of my credit information within Valencia BMW's systems, and (iii) the content of the NFCU phone call and Defendants' later refusal to provide a deletion letter, none of which I can access without discovery.

3. The defense exhibit itself contains inconsistencies (e.g., ES **350** vs. ES **300h**) that further warrant discovery into provenance, scope, and use of any "authorization."

4. Targeted discovery needed. I request leave to obtain the following narrowly tailored discovery, which is within Defendants' or a third party's possession, custody, or control:

    a. **Credit application and e-signature/audit trail.**
    The complete credit application / authorization Defendants contend I executed, together with the full e-signature and system audit metadata

(including hash values, IP addresses, device/browser information, user IDs, and timestamps). This is necessary to determine *who* executed the document, *how*, *when*, and what was actually consented to—especially in light of my allegation that salesman Trevor told me the dealership "had to" run my credit for identity verification after NFCU said no dealer pull was needed.

b. **RouteOne/Dealertrack submission histories and logs.**

The RouteOne and/or Dealertrack submission histories and complete audit logs associated with my name and the subject vehicle, including submission IDs, user IDs, timestamps, lender pings/responses, and any notes regarding the purpose of the pulls. These logs will show when and how my report was accessed, which lenders it was shopped to, and whether Defendants used my report primarily to solicit dealership financing (as I allege) rather than to verify identity for an NFCU-funded transaction.

c. **Dealership Management System ("DMS") deal/lead records and audit trails.**

The DMS records and full audit trails associated with my deal (create/modify/delete events, user IDs, timestamps, Red Flags/OFAC checks, and any adverse action or risk-based pricing artifacts). These records go to Defendants' asserted "legitimate business need" and whether there was an ongoing business transaction justifying a hard pull, versus a pretextual use of my report to push their financing even after I refused.

d. **Policies and training materials.**

Valencia BMW's written policies, procedures, and training materials regarding: (1) when dealership employees may obtain consumer reports "for identity verification," (2) how to handle customers who

3

arrive with pre-approved outside financing and decline dealer financing, and (3) how to respond when a consumer requests a deletion letter at the direction of credit bureaus. These materials are essential to show whether Defendants' conduct departed from their own policies and whether any FCRA violation was negligent or willful.

e. **Communications regarding NFCU pre-approval and the NFCU call.**

Internal emails, notes, or CRM entries referring to my NFCU pre-approval and any communications between Valencia BMW personnel and NFCU about my financing, including the call where the NFCU representative told the sales manager that the dealership should not need to run my credit because NFCU was financing the vehicle. I also intend to subpoena NFCU under Rule 45 for the audio recording and internal notes of that call. This third-party evidence goes directly to whether Defendants knew a dealer pull was unnecessary and nonetheless accessed my report for other reasons.

f. **Communications regarding my deletion-letter request.**

Emails or internal notes reflecting my post-purchase request that Valencia BMW issue a deletion letter to the credit bureaus (as the bureaus instructed), and Defendants' decision to refuse. These documents bear on willfulness, damages, and Defendants' claimed "legitimate business need" and "authorization" defenses.

g. **Defense Exhibit 1 (RouteOne "credit application").** I require the complete e-signature and system audit for Exhibit 1 (hash values, IP addresses, device/browser strings, user credentials, timestamps, workflow logs) to determine **who executed it, how, and the scope of any consent**. The defense paperwork itself references a **2023 Lexus**

4

      **ES 350** whereas my vehicle was a **2023 Lexus ES 300h**, further warranting discovery into provenance and use.

5. **Why these facts are essential.** The above discovery goes to the heart of the dispute:

    - Whether any alleged "consent" was valid, informed, and within scope, or instead procured through misrepresentation (e.g., Trevor's "identity verification" explanation) and used for a different purpose (pressuring me into dealer financing at a "better" rate);
    - Who initiated the pulls, when they were made relative to the NFCU call and the status of my NFCU loan, and to which entities my report was transmitted;
    - Whether Defendants had any genuine "legitimate business need" in light of NFCU's pre-approval and instructions;
    - Whether Defendants' refusal to provide a deletion letter after the bureaus advised that remedy reflects willful disregard of my rights; and
    - The ES 350 vs. ES 300h discrepancy, together with the absence of audit metadata, confirms the dispute cannot be resolved without targeted discovery into provenance, scope, and use of any alleged "authorization."

Without this information, I cannot fairly rebut Defendants' contention that the credit pulls were automatically lawful simply because a form exists, nor can I fully address their arguments under § 1681b(a)(2), (a)(3)(A), or (a)(3)(F).

6. **Diligence.** I have acted diligently. I proposed early, phased discovery and a Rule 26(f) plan; I prepared and queued targeted Rule 34 requests; and I plan to issue a Rule 45 subpoena to NFCU as soon as Rule 26(f) is completed. I am not seeking broad, unfocused discovery—only the specific materials

necessary to test Defendants' "authorization" and "legitimate business need" defenses.

7. **Time requested.** Consistent with the [Proposed] Order submitted herewith, I request that Defendants be ordered to produce this targeted discovery within approximately 45 days, with a short supplemental briefing schedule thereafter if the Court deems it necessary. If the Court converts the motion to one under Rule 56, I respectfully request 45–60 days to complete this targeted discovery and, if permitted, submit a supplemental opposition that incorporates the resulting evidence. In the alternative, I ask the Court to decline to consider the Chapman Declaration and Exhibit 1 at the Rule 12(b)(6) stage and decide the motion on the face of the Complaint and its exhibits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____, 2025

x_____

Respectfully submitted,

/s/ Lindon Andre Voglezon II

Plaintiff, Pro Se

necessary to test Defendants' "authorization" and "legitimate business need" defenses.

7. **Time requested.** Consistent with the [Proposed] Order submitted herewith, I request that Defendants be ordered to produce this targeted discovery within approximately 45 days, with a short supplemental briefing schedule thereafter if the Court deems it necessary. If the Court converts the motion to one under Rule 56, I respectfully request 45–60 days to complete this targeted discovery and, if permitted, submit a supplemental opposition that incorporates the resulting evidence. In the alternative, I ask the Court to decline to consider the Chapman Declaration and Exhibit 1 at the Rule 12(b)(6) stage and decide the motion on the face of the Complaint and its exhibits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 22nd, 2025

x _____

Respectfully submitted,
/s/ Lindon Andre Voglezon II
Plaintiff, Pro Se

Plaintiff Lindon Andre Voglezon II DECLARATION PURSUANT TO FED. R. CIV. P. 56(d)
CASE NO. 8:25-cv-02407-FWS-ADS