Lindon Andre Voglezon II
b███████@gmail.com
███████████
Simi Valley, California, ███
███-9040
Plaintiff in Pro Per



FILED
CLERK, U.S. DISTRICT COURT
DEC 2 2 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Lindon Andre Voglezon II, <br><br>   Plaintiff, <br><br>   vs. <br><br> CIG Financial, LLC, dba AUTONATION FINANCE <br><br> VALENCIA B IMPORTS, INC., dba VALENCIA BMW, also known as "AUTONATION BMW VALENCIA" <br><br>   Defendants. | Case No.: 8:25-cv-02407-FWS-ADS <br><br> Hon. Fred W. Slaughter <br> United States District Court Judge <br> Courtroom: 10D <br><br> **Plaintiff's Objections to Extrinsic Evidence at Rule 12(b)(6)** <br><br> *[Filed concurrently with Opposition To Defendant's Rule 12(b)(6), Declaration Of Lindon Andre Voglezon II Pursuant To Fed. R. Civ. P. 56(d), and Plaintiff's [PROPOSED] ORDER — Deny 12(b)(6); or Convert Under 12(d) and Grant Rule 56(d)]* <br><br> Complaint Filed: October 24th, 2025 <br><br> Hearing Date: January 29th, 2026 <br> Time: 1:30 PM <br> Courtroom: 10D |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff respectfully objects to the Court's consideration of the Declaration of Chad G. Chapman and Exhibit 1 (the purported credit application) in support of Defendants' Rule 12(b)(6) motion.

1. **Outside the Pleadings / Not Incorporated by Reference.**

    The Chapman declaration and Exhibit 1 are not attached to, quoted by, or integral to the Complaint in the narrow sense required for incorporation-by-reference. Plaintiff disputes the authenticity and scope of the exhibit, including who executed it, how, when, and what consent—if any—it granted (e.g., whether it extended to tri-bureau hard pulls for dealer financing after Plaintiff declined dealer financing and after NFCU stated a dealer pull was unnecessary). Defendants offer the exhibit for its truth to resolve a merits defense ("authorization"), which is improper at Rule 12(b)(6). See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–1003 (9th Cir. 2018).

2. **Not Proper for Judicial Notice.**

    Exhibit 1 is a litigation exhibit from Defendants' files, not a public record whose contents are indisputable. Plaintiff contests its provenance and legal significance; it is not a proper subject of judicial notice.

3. **Evidentiary defects (if considered).**

    The attorney declaration lacks personal knowledge (FRE 602); the exhibit lacks adequate authentication (FRE 901); embedded statements are hearsay (FRE 801–802); and there is no foundation under the best-evidence rules (FRE 1002/1003). Notably, the defense paperwork itself references a **"2023 Lexus ES 350,"** while Plaintiff purchased a **2023 Lexus ES 300h**—an inconsistency underscoring the factual dispute and counsels against consideration on the pleadings.

4. **Rule 12(d) / Rule 56(d).**

If the Court is inclined to consider Exhibit 1 or any other matters outside the pleadings, Rule 12(d) requires conversion to summary judgment and a fair opportunity for discovery. Plaintiff concurrently submits a Rule 56(d) declaration identifying targeted discovery (e-signature metadata, RouteOne/Dealertrack histories, DMS audit trails, policies/training, and NFCU call evidence) that is essential before any merits ruling.

**Relief Requested.** Sustain these objections and exclude the Chapman declaration and Exhibit 1 at the Rule 12(b)(6) stage; or, if considered, convert under Rule 12(d) and grant Plaintiff's Rule 56(d) request for targeted discovery before any merits ruling.

Dated: December 22nd, 2025

x _____

Respectfully submitted,

/s/ Lindon Andre Voglezon II

Plaintiff, Pro Se