1  Elizabeth L. Kolar, Esq. (SBN 168935)
   Chad G. Chapman, Esq. (SBN 325365)
2  **KOLAR & ASSOCIATES,**
   **A LAW CORPORATION**
3  12241 Newport Avenue
   Santa Ana, California 92705
4  Tel    :    (714) 544-0041
   Email :    chad@kolarandassociates.com
5
   Attorneys for Defendant,
6  **CIG FINANCIAL, LLC, DBA**
   **AUTONATION FINANCE and**
7  **VALENCIA B IMPORTS, INC. DBA**
   **VALENCIA BMW**
8

9              UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA
11   RONALD REAGAN FEDERAL BUILDING AND U.S. COURTHOUSE
12

| | |
|---|---|
| LINDON ANDRE VOGLEZON II,<br><br>Plaintiff,<br><br>vs.<br><br>CIG Financial, LLC, dba AUTONATION FINANCE; VALENCIA B IMPORTS, INC., dba VALENCIA BMW, also known as "AUTONATION BMW VALENCIA"<br><br>Defendants | Case No.: 8:25-cv-02407-FWS-ADS<br><br>Hon. Fred W. Slaughter<br>United States District Court Judge<br>Courtroom: 10D<br><br>**DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Complaint Filed:   October 24, 2025<br><br>Date:          January 29. 2026<br>Time:          1:30 PM<br>Courtroom:     10D |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW (collectively "Defendants") submit the following Reply to Plaintiff LINDON ANDRE VOGLEZON II's ("Plaintiff") Opposition to Defendants Motion to Dismiss.

DATED: January 15, 2026

**KOLAR & ASSOCIATES,
A LAW CORPORATION**

By: */s/ Chad Chapman*
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW**

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 5

II. PLAINTIFF UNEQUIVOCALLY AUTHORIZED THE CREDIT INQUIRY .. 5

III. DEFENDANTS UNEQUIVOCALLY HAD A PERMISSIBLE PURPOSE TO CONDUCT A CREDIT INQUIRY ........................................................................ 7

IV. PLAINTIFF'S SECOND AND THRID CLAIMS ARE NOT COGNIZABLE AND FAIL AS A MATTER OF LAW ...................................................................... 8

V. CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Federal Cases**

Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988 (9th. Cir. 2019) ...................... 6

Knievel v. ESPN, 393 F.3d 1068 (9th. Cir. 2005) ...................................................... 6

Landeis v. Future Ford, No. 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826, at *2-3 (E.D. Cal. June 14, 2006) ................................................................ 7

McIntyre v. RentGrow, Inc., 34 F.4th 87 (1st Cir. 2022) ........................................... 8

Padin v. Oyster Point Dodge, 397 F.Supp.2d 712, 721 (E.D. Va. 2005) .................. 7

**Federal Statutes**

15 U.S.C. § 1681b(a)(3)(A) ....................................................................................... 7

15 U.S.C. § 1681n ...................................................................................................... 8

15 U.S.C. § 1681o ...................................................................................................... 8

15 U.S.C. § 1681q ...................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In Plaintiff Lindon Andre Voglezon II's ("Plaintiff") Opposition to Defendants CIG Financial, LLC, dba AutoNation Finance ("CIG") and Valencia B Imports, Inc. dba Valencia BMW's ("Valencia BMW") (collectively "Defendants") Motion to Dismiss he never once refutes that fact that the in the Complaint Plaintiff alleges that he signed the credit application authorizing Defendants to perform a credit inquiry. (Compl. ¶¶ 22, 37-39, 48, 53(c), 64(ii), Ex. D, Ex. O, Ex. S, Ex. X.) In fact, Plaintiff expressly stated that he signed the credit application "it is true that I signed the documents" in response to Defendants' claim that Plaintiff "filled out and signed a Long Form Credit Application…a Route One Credit Application…[and] the credit disclosure that disclosed his score at the time of the pull." (Compl. Exs. S & X.)

Plaintiff's entire Opposition is based on the allegation that he didn't need Defendants to run a credit inquiry *after* they had already done so based on his express authorization, but provides zero legal authority to support his position. In other words, Plaintiff is asking the Court to ignore Plaintiff's own admission in the Complaint in order to rewind time to punish Defendants for something that he initially authorized them to do. Not because the law requires the Court to, but because Plaintiff wants the Court to. Fortunately, neither statute or case law allows Plaintiff to do this. Thus, the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. PLAINTIFF UNEQUIVOCALLY AUTHORIZED THE CREDIT INQUIRY

In his Opposition, Plaintiff failed to refute the fact that he unequivocally authorized Defendants to conduct a credit inquiry and the allegations in the Complaint confirm the same. Plaintiff contends that the Court should ignore the signed credit application attached to the Declaration of Chad G. Chapman as

extrinsic evidence. Plaintiff relies on <u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988 (9th. Cir. 2019) to support his contention that the Court should not consider the signed credit application as incorporated by reference; however, <u>Khoja</u> does not support Plaintiff's position. In <u>Khoja</u> the court stated that the purpose of the incorporation by reference doctrine prevents plaintiffs from omitting documents that weaken or doom their claims. (<u>Id.</u>, at 1002.) The court then cited to <u>Knievel v. ESPN</u>, 393 F.3d 1068 (9th. Cir. 2005) as evidence of case where the complaint did not even reference the documents that the court rightfully incorporated documents into the complaint that the complaint did not allege or describe because the plaintiff's claims necessarily depended on them. (<u>Id</u>.) In <u>Knievel v. ESPN</u> the plaintiff sued the defendant for defamation by posting photographs of them on its website, but did not describe the photographs or attach them to the complaint, but alleged that they existed. (<u>Knievel v. ESPN,</u> 393 F.3d 1068, 1070, 1076 (9th. Cir. 2005).) The defendant submitted the photographs with its motion to dismiss. (<u>Id</u>.) The court found it was proper to incorporate the photographs because the plaintiff's claims depended on them. (<u>Id</u>.)

   Here, Plaintiff's claims entirely depend on Defendants conducting a credit inquiry without his authorization. The signed credit application is proof of that authorization. Plaintiff goes a step further than <u>Khoja</u> in the fact that he admits that he signed the credit application in the Complaint and never refutes the fact. (Compl. ¶¶ 22, 37-39, 48, 53(c), 64(ii), Ex. D, Ex. O, Ex. S, Ex. X.) Plaintiff attempts to portray the signed credit application as Defendants creating a competing narrative based on extrinsic evidence, but this is simply not true. Plaintiff admitted to signing the credit application that authorized Defendants to conduct a credit inquiry, but failed to include it in the Complaint because it dooms Plaintiff's entire action against Defendants. Thus, the Court properly considers the signed credit application.

   Even if the Court did ignore the signed credit application, it would not affect the unavoidable fact that Plaintiff failed to state a claim upon which relief can be

6
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 8:25-cv-02407-FWS-ADS

granted because he admitted that he signed the credit application that authorized Defendants to conduct a credit inquiry in the Complaint. (Compl. ¶¶ 22, 37-39, 48, 53(c), 64(ii), Ex. D, Ex. O, Ex. S, Ex. X.) Plaintiff alleged that he authorized Defendants, in writing, to perform a credit inquiry. Plaintiff alleged that Defendants did perform the credit inquiry. Plaintiff alleged that he did not like that Defendants performed the authorized credit inquiry after. This is not a violation of the FCRA and Plaintiff has provided no legal authority to the contrary.

Thus, Plaintiff failed to state a claim upon which relief can be granted and Defendants request that the Court dismiss this action with prejudice.

## III. DEFENDANTS UNEQUIVOCALLY HAD A PERMISSIBLE PURPOSE TO CONDUCT A CREDIT INQUIRY

In his Opposition, Plaintiff claims that his allegations in the Complaint defeat the fact that Defendants had a permissible purpose to conduct a credit inquiry. But again, they do not, because Plaintiff's allegations in the Complaint unequivocally proves that Defendants had a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A). As Plaintiff alleges in the Complaint repeatedly, he purchased the Vehicle from Defendants not Navy Federal Credit Union. He then alleges that he did not consummate the loan through Navy Federal Credit Union until after Defendants conducted the credit inquiry. (Compl. ¶¶ , 17, 35.) Defendants' unequivocally had a permissible purpose. (See Landeis v. Future Ford, No. 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826, at *2-3 (E.D. Cal. June 14, 2006).) Plaintiff offered no legal authority whatsoever to support his position.

Furthermore, Plaintiff never refuted the fact that based on the clear allegations in the Complaint Defendants had a legitimate business need to conduct a credit inquiry to the ongoing transaction of Plaintiff buying the Vehicle from Defendants. (15 U.S.C. § 1681b(a)(3)(A); see also Padin v. Oyster Point Dodge, 397 F.Supp.2d 712, 721 (E.D. Va. 2005).)

Thus, Plaintiff failed to state a claim upon which relief can be granted and

Defendants request that the Court dismiss this action with prejudice.

## IV. PLAINTIFF'S SECOND AND THRID CLAIMS ARE NOT COGNIZABLE AND FAIL AS A MATTER OF LAW

In Plaintiff's Second and Third Claims he alleged Defendants violated 15 U.S.C. §§ 1681n, 1681o, and 1681q, but Defendants cannot violate either of these three statutes because there are no duties for Defendants to violate in these statutes. In fact, Plaintiff confirms that Defendants cannot violate these statutes in his Opposition. (Opposition, 12:7-8, 12-14.)

15 U.S.C. § 1681n and 15 U.S.C § 1681o are remedies for violations of FCRA not substantive duties that Defendants, or any party, can violate. (15 U.S.C. § 1681n; 15 U.S.C. § 1681o; McIntyre v. RentGrow, Inc., 34 F.4th 87, 92 (1st Cir. 2022).) While, 15 U.S.C. § 1681q identifies the statutory punishment for engaging in the criminal act of obtaining consumer information from a consumer reporting agency under false pretenses. (15 U.S.C. § 1681q.) Not only can a person not violate 15 U.S.C. § 1681q, but it is not even a civil issue. Plaintiff claims that courts are divided on whether 15 U.S.C. § 1681q somehow leads to civil liability but does not provide a single case, or any legal authority, to support this claim. (Opposition 12:14-15.) But even if 15 U.S.C. § 1681q somehow gave rise to civil liability, Plaintiff failed to allege sufficient facts to support a claim for acquiring a credit report under false pretenses. (See Scott v. Real Estate Fin. Group, 183 F.3d 97, 99 (2d Cir. 1999).)

Plaintiff's attempt to recharacterize his Second and Third claims as tracking the "statutory framework" and "inartfully labeled" is unpersuasive. Plaintiff's Second and Third claims are unequivocally allegations that Defendants violated 15 U.S.C. §§ 1681n, 1681o, and 1681q, which, as articulated above, is impossible to do. Plaintiff failed to provide any authority to the contrary. Therefore, Plaintiff's Second and Third Claims must fail as a matter of law. Thus, Defendants request that the Court dismiss Plaintiff's Second and Third Claims without leave to amend.

## V. CONCLUSION

Plaintiff alleged three claims against Defendants, and all three fail as a matter of law. In his Opposition Plaintiff failed to provide any legal authority to support his contentions and the simple fact that Plaintiff's own allegations in the Complaint defeat his claims as alleged in the Complaint. It would be impossible for Plaintiff to cure the deficiencies in his Complaint. Thus, Defendants request that the Court dismiss Plaintiff's entire Complaint without leave to amend.

DATED: January 15, 2026

**KOLAR & ASSOCIATES,
A LAW CORPORATION**

By: */s/ Chad Chapman*
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW certifies that this brief contains 1,383 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 15, 2026

**KOLAR & ASSOCIATES,
A LAW CORPORATION**

By: */s/ Chad Chapman*
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW**