UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02407-FWS-ADSDate: January 21, 2026
Title: Voglezon v. CIG Financial, LLC *et al*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [14]**

Plaintiff Lindon Andre Voglezon, II, representing himself, alleges that Defendants CIG Financial, LLC ("AutoNation") and Valencia B Imports, Inc. ("Valencia BMW") ran an impermissible consumer credit report check on Plaintiff. (*See generally* Dkt 1 ("Complaint" or "Compl.").) Before the court is Defendants' Motion to Dismiss. (Dkt. 14 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 16 ("Opposition" or "Opp.").) Plaintiff also filed evidentiary objections to evidence referenced in the Motion. (Dkt. 18.) Defendants filed a reply in support of the Motion. (Dkt. 21 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing currently set for **January 29, 2026,** is **VACATED** and off calendar. Based on the record, as applied to the relevant law, the court **GRANTS** the Motion.

I.Summary of Allegations

AutoNation is in the business of "indirect automobile financing." (Compl. ¶ 5.) Valencia BMW is a car dealership. (*See id.* ¶¶ 6, 11.) Plaintiff "visited Valencia BMW to purchase a" car but "explicitly declined dealership financing and informed Defendants he would use" another line of credit for which he had been pre-approved. (*Id.* ¶ 12.) Salespeople for BMW Valencia knew that Plaintiff was pre-approved for another loan. (*Id.* ¶ 13.) Yet Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02407-FWS-ADS | Date: January 21, 2026 |
| Title: Voglezon v. CIG Financial, LLC *et al* | |

"caused hard inquiries with" three credit reporting agencies which harmed Plaintiff's credit score.  (*Id.* ¶¶ 14, 19.)

Plaintiff received a "credit denial letter" from Valencia BMW "falsely suggesting that a credit application had been submitted in Plaintiff's name."  (*Id.* ¶ 18.)  This letter indicates that Defendants "not only pulled Plaintiff's credit without permission, but also processed and transmitted a false credit application under his identity."  (*Id.*)  Plaintiff filed a complaint with the Better Business Bureau, Federal Trade Commission, and Consumer Financial Protection Bureau.  (*Id.* ¶ 21.)  AutoNation "responded to the CFPB asserting it had a permissible purpose" for pulling Plaintiff's credit.  (*Id.* ¶ 22.)  Plaintiff disputes this response as any "credit application" was "obtained under coercion and false pretenses."  (*Id.*)

Plaintiffs brings three claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.: (1) "Obtaining/Using a Consumer Report without a Permissible Purpose (15 U.S.C. §§ 1681b(f), 1681n, 1681o)"; (2) "Obtaining a Consumer Report under False Pretenses" (15 U.S.C. §§ 1681q, 1681n)"; (3) "Willful and/or Negligent Noncompliance (15 U.S.C. §§ 1681n, 1681o)".  (*Id.* ¶¶ 33-57.)

## II.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (stating that, in ruling on a Rule 12(b)(6) motion, the court may consider attached exhibits).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level."  *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02407-FWS-ADS | Date: January 21, 2026 |
| Title: Voglezon v. CIG Financial, LLC *et al* | |

(reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

**III.  Discussion**

Defendants argue that "each of Plaintiff's claims for violations of 15 U.S.C. §§ 1681b, 1681n, 1681o, and 1681q should be dismissed because the conduct described, even viewed in the light most favorable to Plaintiff, is not a violation of the FCRA or any other law." (Mot. at 6.)  The court finds it is best to analyze the parties' arguments under §1681b first, before analyzing §§ 1681n, 1681o, and 1681q collectively.

**A.  Obtaining a Consumer Report (§ 1681b)**

Defendants contend that Plaintiff's claim under § 1681b fails because the credit pull was made pursuant to a "permissible purpose," specifically, that Plaintiff provided written authorization for the credit pull.  (Mot. at 12-14.)

The FCRA "prohibits third parties from accessing consumer credit reports without a statutorily authorized (*i.e.*, a 'permissible') purpose." *Demay v. Wells Fargo Home Mortg., Inc.*, 279 F. Supp. 3d 1005, 1008 (N.D. Cal. 2017) (citing 15 U.S.C. § 1681b(f)(1)).  "To assert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS   Date: January 21, 2026
Title: Voglezon v. CIG Financial, LLC *et al*

a claim against a party for requesting a consumer credit report without a permissible purpose, a plaintiff must establish: (1) the defendant obtained a consumer credit report from a Consumer Reporting Agency, (2) without a permissible purpose, and (3) the defendant acted willfully or negligently in requesting the report." *Id.*

The FCRA lists several permissible purposes for which a person may obtain a credit report. 15 U.S.C. § 1681b(a)(3). One purpose, listed in § 1681b(a)(3)(A), "authorizes an offeror of credit to access a consumer's credit report 'when the consumer applies for credit.'" *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 800 (3d Cir. 2016) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009)) (holding that "Citibank was authorized by § 1681b(a)(3)(A) to access [plaintiff's] credit report when it did because it did so after he applied for credit"); *Cole v. U.S. Cap.*, 389 F.3d 719, 725 & n.5 (7th Cir. 2004) (noting that a permissible purpose for accessing a credit report under § 1681b(a)(3)(A) includes "when the consumer applies for credit").

The court notes the inconsistency of Plaintiff's allegations as to his written authorization for the credit pull at issue. Plaintiff alleges that he "did not initiate any credit transaction with Defendants and expressly declined dealership financing before any credit pull." (Compl. ¶ 35.) Yet Plaintiff also alleges that Valencia BMW obtained a credit application "under coercion and false pretenses." (*Id.* ¶ 22.) Indeed, Plaintiff attaches to his Complaint a series of correspondence with the Better Business Bureau in which AutoNation states that Plaintiff signed two credit applications and a credit disclosure. (*Id.* Ex. S ECF 56 of 92.) Plaintiff responds that "[w]hile it is true that I signed documents, this was only after being told that signing was required in order to move forward with the vehicle purchase. . ." (*Id.* ECF 57 of 92.) "Though a Court must generally accept allegations in a complaint as true at the motion to dismiss stage, the Court need not accept inconsistent allegations in a complaint as true." *Sacco v. Mouseflow, Inc.*, 2022 WL 4663361, at *2 (E.D. Cal. Sept. 30, 2022).

Moreover, Defendants attach a copy of Plaintiff's credit application to the Motion, arguing that the Complaint incorporates by reference the credit application. (Dkt. 14-1 Ex. 1.) "Courts may consider documents incorporated into the complaint by reference." *In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1187 (9th Cir. 2024) (citation modified). "A complaint incorporates a document by reference if the plaintiff refers extensively to the document." *Id.* (citation modified). The incorporation-by-reference doctrine is designed to

prevent plaintiffs from selectively citing "only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* A court may generally assume the contents of a document incorporated by reference "are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* However, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

Because Plaintiff refers to credit applications throughout his Complaint, and states that "it is true that he signed the documents," the court finds that the credit applications are properly incorporated by reference. (Compl. ¶ 22, Ex. S.) Further, the court finds that this credit application provides adequate grounds to dismiss Plaintiff's cause of action under § 1681b because such written permission constitutes a permissible purpose under the FCRA. *See Rosco v. Equifax Info. Servs.*, 2016 WL 2992133, at *3 (E.D. Wash. May 23, 2016) ("Although there are insufficient facts before the Court to understand the nature of Plaintiffs' claims, the Court notes the inconsistency of Plaintiffs' statement that they filled out a credit application, but that they 'were not trying to finance anything.' Plaintiffs' admission to filling out a credit application seemingly would grant Defendants the right to have access to their credit report.")

In sum, the court finds that Plaintiff does not adequately state a claim under § 1681b.

### B.     Further Provisions of the FCRA

Plaintiff cites three other provisions of the FCRA across his causes of action: §§ 1681o, 1681n, and 1681q. As to §§ 1681o, and 1681n, the court finds that Plaintiff does not sufficiently allege claims. "The FCRA provides a private right of action for willful or negligent violations. To prove a willful violation, a plaintiff must show that a defendant knowingly or recklessly violated the FCRA." *Demay*, 279 F. Supp. 3d at 1010 (citing 15 U.S.C. §§ 1681n, 1681o). In this case, because Plaintiff has not stated an independent violation of the FCRA, he has also not stated a claim under sections 1681n and 1681o. *See id.* ("Because the Court finds that Plaintiffs have failed to plead an FCRA violation, the Court need not reach [willfulness or negligence].")

Regarding § 1681q, "that section does not provide for a private civil cause of action." *Coats v. Mandarich L. Grp., LLP*, 2014 WL 545432, at *6 (E.D. Cal. Feb. 12, 2014) ("[T]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                                      Date: January 21, 2026
Title: Voglezon v. CIG Financial, LLC *et al*

criminal provision provided in 15 U.S.C. § 1681q does not provide for a private civil cause of action.") Accordingly, Plaintiff does not state a claim under that section.

## IV.   Disposition

In sum, Plaintiff fails to adequately state a violation of the FCRA under any of the four sections referenced in the Complaint. Accordingly, the court **GRANTS** the Motion and **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.") (citation omitted).

If Plaintiff believes he can cure the deficiencies identified in this order, Plaintiff shall file an amended complaint **by February 11, 2026.** Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action without prejudice without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").