FILED

2026 FEB 17 PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

Elizabeth L. Kolar, Esq. (SBN 168935)
Chad G. Chapman, Esq. (SBN 325365)
**KOLAR & ASSOCIATES,
A LAW CORPORATION**
12241 Newport Avenue
Santa Ana, California 92705
Tel : (714) 544-0041
Email: chad@kolarandassociates.com

Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA
AUTONATION FINANCE AND
VALENCIA B IMPORTS, INC. DBA
VALENCIA BMW**

Lindon Andre Voglezon II
b▮▮▮▮▮@gmail.com
Simi Valley, CA ▮▮▮▮9040
**PLAINTIFF IN PRO PER**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDON ANDRE VOGLEZON II,<br><br>Plaintiff,<br>vs.<br><br>CIG Financial, LLC, dba AUTONATION FINANCE; VALENCIA B IMPORTS, INC., dba VALENCIA BMW, also known as "AUTONATION BMW VALENCIA"<br><br>Defendants | Case No.: 8:25-cv-02407-FWS-ADS<br><br>Case assigned to:<br>District Judge: Fred W. Slaughter<br>Magistrate Judge: Autumn D, Spaeth<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: April 2, 2026<br>Time: 9:00 AM<br>Courtroom: 10D |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Scheduling Conference ("Order"), Plaintiff Lindon Andre Voglezon II ("Plaintiff") and Defendants CIG Financial, LLC dba AutoNation Finance and Valencia B Imports, Inc. dba Valencia BMW ("Defendants"), having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order, hereby submit their Joint Rule 26(f) Report.


a. **Statement of the Case:**

**Plaintiff**: This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., based on Defendants' procurement and use of Plaintiff's consumer report(s) without a permissible purpose and/or outside any permissible scope. Plaintiff arrived with a Navy Federal Credit Union ("NFCU") pre-approval, expressly declined dealership-arranged financing, and during a speakerphone call NFCU confirmed Plaintiff did not need to apply for dealership financing. Plaintiff alleges Defendants nevertheless caused hard inquiries to Experian, Equifax, and TransUnion, and used the results to attempt to steer Plaintiff away from NFCU financing. Defendants contend Plaintiff authorized the inquiry; Plaintiff disputes that Defendants had a permissible purpose or acted within any permissible scope.

**Defendants:** The basis of this action is whether or not Plaintiff gave his consent to Defendants to pull his credit score when Plaintiff purchased a vehicle from Defendants. While at Defendant Valencia BMW's place of business, Plaintiff filled out and signed a credit application that authorized Defendants to conduct a credit inquiry. Based on Plaintiff's express authorization in the credit application, Defendants pulled Plaintiff's credit.

b. **Subject Matter Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this matter arises out of a question of federal law, in particular the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA").

There are no issues that exist regarding personal jurisdiction or venue. All the named parties are subject to the Court's personal jurisdiction, and all have been served.

c. **Legal Issues:**

**Plaintiff**: The principal issues include whether Defendants obtained and/or used Plaintiff's consumer report(s) without a permissible purpose under 15 U.S.C.

1  § 1681b; whether Defendants acted willfully and/or negligently (15 U.S.C. §§
2  1681n, 1681o); whether Defendants' conduct caused statutory and/or actual
3  damages; and the scope of any purported authorization and whether it was obtained
4  through misrepresentation or used beyond any permitted purpose.

6  **Defendants:** Defendant do not believe there are any unusual
7  substantive, procedural, or evidentiary issues. Defendants believe the only issue is
8  whether Plaintiff gave Defendants authorization to pull his credit score when he
9  filled out and signed a credit application that authorized Defendants to do so.
10 d.    **Damages:**
11     **Plaintiff:** Plaintiff seeks statutory damages, punitive damages (as
12 applicable), and costs under the FCRA, and also seeks recovery of actual damages
13 to the extent proven, including but not limited to credit harm and related out-of-
14 pocket losses and emotional distress.

16     **Defendants:** It is Defendants' understanding that Plaintiff's damages are
17 statutory under the FCRA.
18 e.    **Parties and Evidence:**
19     **Plaintiff:** Plaintiff anticipates evidence will include (among other things)
20 credit bureau inquiry records; dealership deal file materials; communications and
21 internal notes related to the transaction; system/audit trail records reflecting who
22 initiated and submitted any credit inquiry and through what platform; and testimony
23 from percipient witnesses regarding Plaintiff's financing position and the
24 speakerphone call with NFCU.

26     **Defendants:**
27     Parties: Plaintiff Lindon Andre Voglezon II and Defendants CIG Financial,
28 LLC dba AutoNation Finance and Valencia B Imports, Inc. dba Valencia BMW.

Witnesses: Plaintiff; agents and employees of the three major credit bureaus; Valencia BMW employees Trevor Carr and Greg Poland; Christian Wright; and Navy Federal Credit Union employees, including the NFCU representative who participated in the speakerphone call with Plaintiff and Valencia BMW personnel regarding Plaintiff's pre-approval and financing.

Key Documents: Plaintiff's signed credit application; Correspondence from Plaintiff with Defendants; Correspondence from Plaintiff with the Better Business Bureau; the Declaration of Plaintiff in support of the Original Complaint; Plaintiff's credit report from the three major credit bureaus.

f. **Insurance:**

**Plaintiff:** Plaintiff is not aware of any applicable insurance coverage at this time.

**Defendants:** Defendants do not have insurance that would provide coverage for the alleged issues in this matter.

g. **Manual for Complex Litigation:**

The Parties do not believe the procedures of the Manual for Complex Litigation will need to be utilized for this case.

h. **Motions:**

There are no pending motions.

**Plaintiff:** Plaintiff does not presently anticipate filing motions to add parties, transfer venue, or challenge jurisdiction, but reserves the right to move to amend as appropriate based on discovery and the Court's scheduling order.

**Defendants:** Defendants do not anticipate file any motions to add other claims or parties, file any amended pleadings, transfer venue, or challenge jurisdiction.

i. **Dispositive Motions:**

**Plaintiff:** Plaintiff anticipates that dispositive motion practice may be

appropriate after core documents and system/audit-trail evidence are produced, and will meet and confer regarding any scheduling for such motions consistent with the Court's order.

**Defendants:** Defendants previously filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted with leave to amend. Defendants only recently received Plaintiff's First Amended Complaint on February 13, 2026, and have not yet been able to review it to determine the applicability of any further dispositive motions.

j.  **Status of Discovery:**

The Parties have not propounded any discovery.

**Plaintiff:** Plaintiff anticipates serving targeted written discovery promptly after the Scheduling Conference, including requests directed to the credit inquiry process, any purported authorization, and relevant systems/audit trails and communications.

**Defendants:** Defendants anticipate serving their first set of written discovery within two weeks following the Scheduling Conference.

k.  **Discovery Plan:**

**Plaintiff**: Plaintiff anticipates that electronically stored information ("ESI") will be material, including records from dealership management/CRM systems, any lender portal used to submit credit inquiries (e.g., RouteOne/Dealertrack or similar), e-signature/audit-trail logs, internal communications, and metadata reflecting who accessed, generated, or submitted any credit inquiry and when. Plaintiff proposes the Parties confer regarding a reasonable ESI protocol (including production formats for native files where appropriate, deduplication, and Bates labeling) and enter a Federal Rule of Evidence 502(d) clawback order to streamline privilege issues. Plaintiff also anticipates focused discovery early in the case directed to the credit inquiry

authorization/permissible purpose issues. Plaintiff further notes that discovery is expected to include ESI and audit-trail evidence bearing on permissible purpose, scope, and the credit inquiry process, as stated above.

**Defendants:** Defendants do not believe there should be any changes to the timing, form, or requirements of Rule 26(a). As of now, Defendants only anticipate conducting discovery on the issues related to Plaintiff's credit application and authorization for Defendants to conduct a credit inquiry. Defendants do not foresee any issues regarding the preservation of ESI or producing electronically stored information in Defendants' possession, custody, and control. Defendants do not anticipate any issues regarding claims of privilege or protection of trial preparation materials as contemplated by Rule 26(f)(3)(D). Defendants do not believe the Court should make any changes to the limitations on discovery or issue any other discovery or scheduling orders.

l.  **Discovery Cut-off:**

The Parties propose a discovery cut-off date of October 8, 2026.

m.  **Expert Discovery:**

**Initial Expert Disclosure:** October 22, 2026;

**Rebuttal Expert Disclosure:** November 5, 2026; and

**Expert Discovery Cut-off:** November 19, 2026.

n.  **Settlement/Alternative Dispute Resolution:**

The Parties have not yet engaged in any meaningful settlement discussion. The Parties have agreed to use ADR Procedure No. 2 – Court Mediation Panel or ADR Procedure No. 3 – private mediation.

o.  **Trial Estimate:**

**Plaintiff:** Plaintiff tentatively estimates a three to four day jury trial, subject to refinement based on discovery.

1 **Defendants:** Tentatively, Defendants estimate a three to four day jury trial and anticipate calling approximately five to seven witnesses notwithstanding any information discovered.

p. **Trial Counsel:**

**Plaintiff:** Plaintiff is self-represented (pro se) and intends to try the case.

**Defendants:** Elizabeth L. Kolar will try the case on Defendants' behalf.

q. **Magistrate Judge:**

The Parties decline to try the case before a magistrate or conduct proceedings before a magistrate aside from those proceedings required by the Central District of California Local Rules and this Court's policies and procedures.

r. **Independent Expert or Master:**

The Parties do not believe that this is a case where the Court should consider appointing a master or independent expert.

s. **Schedule Worksheet:**

Please see attached.

t. **Class Action:**

This matter is not a class action.

u. **Other Issues:**

The Parties do not believe there are other issues that will affect the status or management of the case.

///
///
///

DATED: February 17, 2026

**KOLAR & ASSOCIATES,
A LAW CORPORATION**

By: */s/ Chad Chapman*
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA
AUTONATION FINANCE AND
VALENCIA B IMPORTS, INC.
DBA VALENCIA BMW**

DATED: February 17, 2026

**PLAINTIFF LINDON ANDRE VOGLEZON II**

By: _____
LINDON ANDRE VOGLEZON II
IN PRO PER

# JUDGE FRED W. SLAUGHTER
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
**The parties must make every effort to agree on dates or the court will set them.**

| Case No. | 8:25-cv-02407-FWS-ADS | Case Name: | Voglezon v. CIG Financial, LLC et al | | |
|---|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: [x] Jury Trial or [ ] Bench Trial [Tuesday at 8:00 a.m., within 18 months after Complaint filed] Estimated Duration: 3-4 Days | | | | 04/27/2027 | [ ] Jury Trial [ ] Bench Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine* [Thursday at 8:30 a.m., at least 19 days before trial] | | | | 04/08/2027 | |
| **Event**[1] *Note:* Hearings shall be on Thursdays at 10:00 a.m. Other dates can be any day of the week. | | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to **Hear** Motion to Amend Pleadings /Add Parties [**Thursday**] | | | | 04/30/2026 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for filing dispositive motions)** | | 26 | | 10/08/2026 | |
| Expert Disclosure (Initial) | | 24 | | 10/22/2026 | |
| Expert Disclosure (Rebuttal) | | 22 | | 11/05/2026 | |
| Expert Discovery Cut-Off | | 20[2] | | 11/19/2026 | |
| Last Date to **Hear** Motions [Thursday] • Motion for Summary Judgment due at least 6 weeks before hearing • All other motions due at least 4 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | | 12 | | 01/14/2027 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge [X] 2. Court's Mediation Panel [ ] 3. Private Mediation | | 10 | | 01/28/2027 | [ ] 1. Magistrate [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions *in Limine* with Proposed Orders • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) • Declarations containing Direct Testimony, if ordered (bench trial only) | | 3 | | 03/18/2027 | |
| **Trial Filings (second round)** • Oppositions to Motions *in Limine* • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | | 2 | | 03/25/2027 | |

---

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. Class actions, patent, and ERISA cases may need to vary from the above.

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for filing a motion for summary judgment.

9