1  Elizabeth L. Kolar, Esq. (SBN 168935)
   Chad G. Chapman, Esq. (SBN 325365)
2  **KOLAR & ASSOCIATES,**
   **A LAW CORPORATION**
3  12241 Newport Avenue
   Santa Ana, California 92705
4  Tel    :       (714) 544-0041
   Email :      chad@kolarandassociates.com
5
   Attorneys for Defendant,
6  **CIG FINANCIAL, LLC, DBA**
   **AUTONATION FINANCE and**
7  **VALENCIA B IMPORTS, INC. DBA**
   **VALENCIA BMW**
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11    **RONALD REAGAN FEDERAL BUILDING AND U.S. COURTHOUSE**

12

13  LINDON ANDRE VOGLEZON II,          Case No.: 8:25-cv-02407-FWS-ADS

14             Plaintiff,               Hon. Fred W. Slaughter
    vs.                                 United States District Court Judge
15                                      Courtroom: 10D
    CIG Financial, LLC, dba AUTONATION
16  FINANCE; VALENCIA B IMPORTS,        **DEFENDANTS CIG**
    INC., dba VALENCIA BMW, also known  **FINANCIAL, LLC, DBA**
17  as "AUTONATION BMW VALENCIA"         **AUTONATION FINANCE AND**
                                         **VALENCIA B IMPORTS, INC.**
18             Defendants               **DBA VALENCIA BMW'S**
                                         **NOTICE OF MOTION AND**
19                                       **MOTION TO DISMISS THE**
                                         **FIRST AMENDED**
20                                       **COMPLAINT**

21                                       *[Filed concurrently with*
                                         *Declaration of Chad G. Chapman,*
22                                       *Esq. and [Proposed] Order]*

23                                       Complaint Filed:    October 24, 2025

24                                       Date:               April 9. 2026
                                         Time:               10:00 AM
25                                       Courtroom:          10D

26

27

28
                                      1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 9, 2026, at 10:00 AM, or as soon thereafter as the matter may be heard in Courtroom 10D of the United States District Court for the Central District of California, Southern Division located at 411 West 4th Street, Santa Ana, CA 92701, Defendants CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW (collectively "Defendants") will and hereby do move the Court under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) for an Order granting Defendants' Motion to Dismiss ("Motion") Plaintiff LINDON ANDRE VOGLEZON II's ("Plaintiff") First Amended Complaint.

This Motion is brought under FRCP Rule 12(b)(6), on the grounds that Plaintiff failed to state a claim against Defendants upon which relief can be granted.

This Motion is made following the conference of counsel for Defendants and Plaintiff, representing himself in pro per, pursuant to Local Rule 7-3, which took place on March 6, 2026.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support, the Declaration of Chad G. Chapman, all other pleadings and papers on file herein, and any further argument and evidence the Court may properly receive at or before the hearing on this Motion.

DATED: March 6, 2026

KOLAR & ASSOCIATES,
A LAW CORPORATION

By:    /s/ Chad Chapman
ELIZABETH L. KOLAR, ESQ.
CHAD G. CHAPMAN, ESQ.
Attorneys for Defendant,
**CIG FINANCIAL, LLC, DBA
AUTONATION FINANCE AND
VALENCIA B IMPORTS, INC.
DBA VALENCIA BMW**

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................ 6

II.   PROCEDURAL HISTORY ................................................................. 6

III.  STATEMENT OF FACTS .................................................................. 7

IV.  LEGAL STANDARD .......................................................................... 10

V.    PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF 15 U.S.C. § 1681b FAILS AS A MATTER OF LAW ...................................................... 12

   A.   Plaintiff Cannot Show a Violation of 15 U.S.C. § 1681b(a)(2) Because Plaintiff Authorized the Credit Pulls .................................................... 14

   B.   Defendants Had a Permissible Purpose to Run the Credit Check Because Plaintiff Initiated a Transaction Involving the Extension of Credit to Plaintiff as Contemplated by 15 U.S.C. § 1681b(a)(3)(A) ........................... 15

   C.   Defendant Had a Permissible Purpose to Run the Credit Check Because the Defendants Had a "Legitimate Business Need" as Defined in 15 U.S.C. § 1681b(a)(3)(F) ................................................................ 16

VI.  PLAINTIFF'S SECOND AND THIRD CLAIMS FOR VIOLATION OF 15 U.S.C. § 1681n AND § 1681o ARE NOT COGNIZABLE AND FAIL AS A MATTER OF LAW ................................................................ 18

VII. CONCLUSION .................................................................................... 20

DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

1

## **TABLE OF AUTHORITIES**

2

**Federal Cases**

3

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...................................................... 11, 12

4

Baker v. Bronx-Westchester Investigations, 850 F. Supp. 260 (S.D.N.Y. 1994) ............. 15

5

Balistreri v. Pacifica Police Department, 901 F.2d 696 (9th Cir. 1990) ........................... 11

6

Beliveau v. Caras, 873 F. Supp. 1393 (C.D. Cal. 1995) ..................................................... 11

7

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................... 11, 12

8

Breneisen v. Countryside Chevrolet/Buick/GMC, Inc., 573 F. Supp. 3d 1328 (E.D. Wis.

9

2021) ................................................................................................................ 18

10

Brogan v. Fred Beans Chevrolet, Inc., 855 F. App'x 825 (3d Cir. 2021) ......................... 16

11

Demay v. Wells Fargo Home Mortg., Inc., 279 F. Supp. 3d 1005 (N.D. Cal. 2017)

12

.................................................................................................................. 13, 19, 20

13

Ecological Rights Foundation v. Pacific Gas & Electric Co., 713 F.3d 502 (9th Cir. 2013)

14

.................................................................................................................. 16

15

Electric Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990 (9th Cir. 2014) ......... 12

16

Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187 (3d Cir. 2009) ......................... 14

17

Huertas v. Citigroup, Inc., 639 F. App'x 798 (3d Cir. 2016) ............................................. 14

18

In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046 (9th Cir. 2014) ........................................ 11

19

In re Silver Lake Grp., LLC Sec. Litig., 108 F.4th 1178 (9th Cir. 2024) ......................... 16

20

Landeis v. Future Ford, No. 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826

21

(E.D. Cal. June 14, 2006) ............................................................................... 17

22

Marder v. Lopez, 450 F.3d 445 (9th Cir. 2006) ................................................................. 15

23

McIntyre v. RentGrow, Inc., 34 F.4th 87 (1st Cir. 2022) ................................................... 19

24

Meeks v. Murphy Auto Grp., Inc., No. 8:09-cv-1050-T-TBM, 2010 U.S. Dist. LEXIS

25

132693 (M.D. Fla. Dec. 15, 2010) ................................................................ 16

26

Morris v. Trans Union LLC, 420 F. Supp. 2d 733 (S.D. Tex. 2006), aff'd, 224 Fed. Appx.

27

415 (5th Cir. 2007) ......................................................................................... 20

28

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009)...................................................13

*Padin v. Oyster Point Dodge*, 397 F.Supp.2d 712 (E.D. Va. 2005)...................................18

*Rosco v. Equifax Info. Servs.*, 2016 WL 2992133, at *3 (E.D. Wash. May 23, 2016)....15

*Sacco v. Mouseflow, Inc.*, 2022 WL 4663361, at *2 (E.D. Cal. Sept. 30, 2022) .............14

*Scott v. Real Estate Fin. Group*, 183 F.3d 97 (2d Cir. 1999) .....................................18, 20

*Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 U.S. Dist.

    LEXIS 129128 (S.D. Ala. Nov. 7, 2011) ........................................................17

*Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp.2d 808 (W.D. Ky. 2003)......................18

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)...................................12

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ...................................................................12

*Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043 (7th Cir. 2005) ...............16

*Storm v. United States*, 641 F.3d. 1051 (9th Cir. 2011)...................................................11

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308 (2007)......................................11

*Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592 (9th Cir. 2009) ........................................13

*Weisbuch v. County of Los Angeles*, 119 F.3d 778 (9th Cir. 1997)..................................12

**Federal Statutes**

15 U.S.C. § 1681b ......................................................................................................13, 19

15 U.S.C. § 1681b(a) ...........................................................................................................13

15 U.S.C. § 1681b(a)(2) .................................................................................................14, 16

15 U.S.C. § 1681b(a)(3)(A).................................................................................................14

15 U.S.C. § 1681b(a)(3)(F)(i) .............................................................................................15

15 U.S.C. § 1681b(f) ...........................................................................................................13

15 U.S.C. § 1681n ...............................................................................................................19

15 U.S.C. § 1681o ...............................................................................................................19

Fed. R. Civ. P. 8 ..................................................................................................................12

Fed. R. Civ. P. 12(b)(6) .......................................................................................................11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

During the course of a vehicle purchase transaction – and crucially – before the Plaintiff Lindon Andre Voglezon II's ("Plaintiff") direct loan was finalized, Defendant Valencia B Imports, Inc. DBA Valencia BMW ("Valencia BMW") requested that Plaintiff fill out a credit application. This allowed Plaintiff to drive away with the vehicle he wanted to purchase while financing was in progress. Plaintiff now alleges that the ensuing credit inquiries – all made before Plaintiff's loan was consummated, and with Plaintiff's signed authorization – were unauthorized. Defendant Valencia BMW had a permissible purpose to pull the credit because Plaintiff authorized the credit pulls, the credit pulls were related to a "credit transaction" as contemplated by the Fair Credit Reporting Act ("FCRA"), and the credit pulls were otherwise justified by a legitimate business need (i.e., Plaintiff leaving the lot with a vehicle that had not been paid for).

In any case, Plaintiff expressly and unequivocally admits to having signed a credit application immediately before the allegedly "unauthorized" pulls.

As such, each of Plaintiff's claims for violations of 15 U.S.C. §§ 1681b, 1681n, and 1681o should be dismissed because the conduct described, even viewed in the light most favorable to Plaintiff, is not a violation of the FCRA or any other law.

### II.    PROCEDURAL HISTORY

On October 24, 2025, Plaintiff filed the Complaint to initiate this lawsuit. (Dkt. 1.) In the Complaint, Plaintiff alleged three claims against Valencia BMW and CIG Financial, LLC, dba AutoNation Finance ("CIG" and collectively with Valencia BMW "Defendants") for Violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.: (1) Obtaining/Using a Consumer Report without a Permissible Purpose (15 U.S.C. §§ 1681b(f), 1681n, 1681o); (2) Obtaining a Consumer Report under False Pretenses (15 U.S.C. §§ 1681q, 1681n); (3) Willful and/or Negligent

Noncompliance (15 U.S.C. §§ 1681n, 1681o). (Dkt. 1.) In response to the Complaint, Defendants filed a Motion to Dismiss under FRCP 12(b)(6), which the Court granted with leave to amend on January 21, 2026. (Dkt. 22.)

On February 11, 2026, Plaintiff filed the First Amended Complaint ("FAC"). (Dkt. 25.) In the FAC Plaintiff alleged three claims against Defendants for (1) Obtaining/Using Consumer Reports without a Permissible Purpose (15 U.S.C. § 1681b(f)(1), § 1681b(a); (2) Willful Noncompliance (15 U.S.C. § 1681n); and (3) Negligent Noncompliance (Pled in the Alternative) (15 U.S.C. § 1681o).

After Plaintiff served Defendants with the FAC, the Parties stipulated to extend the time for Defendants to respond to the FAC to March 6, 2026. (Dkt. 33.) The Court approved the stipulation on March 2, 2026. (Dkt. 34.) The Parties subsequently met and conferred via video conference over Microsoft Teams virtual platform to discuss the issues presented in this Motion to Dismiss ("MTD"). (Declaration of Chad G. Chapman ["Chapman Decl."] ¶¶ 3-4.) The Parties did not reach a resolution; thus, Defendants timely brought this Motion.

## III.    <u>STATEMENT OF FACTS</u>

Plaintiff alleged that on July 15, 2025, he visited Valencia BMW to purchase a 2023 Lexus ES 350 (the "Vehicle"). (FAC ¶ 11.) Plaintiff alleged he already had pre-approval from Navy Federal Credit Union ("NFCU") in the amount of $40,000.00 to purchases the Vehicle prior to arriving at Valencia BMW. (FAC ¶ 10.) Plaintiff alleged that he informed the Valencia BMW sales person Trevor Carr that he did not need financing for the Vehicle because he already had financing through NFCU. (FAC. ¶¶ 12-13.) Plaintiff then alleged that while at Valencia BMW he called a representative from NFCU, who spoke to Valencia BMW Sales Manager Greg Poland ("Mr. Poland") and stated that Plaintiff was pre-approved and did not need financing to purchase the Vehicle. (FAC ¶¶ 14-15.) Mr. Poland allegedly informed the NFCU representative that Valencia BMW policy required them to pull Plaintiff's credit before he purchased the Vehicle. (FAC ¶ 16.) In response, the

NFCU representative told Plaintiff he could leave and did not have to purchase the Vehicle from Defendants. Plaintiff then informed the Valencia BMW employees that he intended to leave implying that he would purchase a different vehicle elsewhere; in fact, Plaintiff alleged that he did start to leave Valencia BMW. (FAC ¶ 17.) Thus, before Plaintiff ever signed a credit application authorizing Defendants to pull his credit, Plaintiff knew that he did not have to purchase any vehicle from Defendants to ensure his financing through NFCU was approved and that he did not have to authorize Defendants to pull his credit.

While Plaintiff was leaving Valencia BMW, he continued to speak with Mr. Carr about not wanting Defendants to pull his credit and that he was leaving and Mr. Carr explained that Valencia BMW was required to check Plaintiff's credit if he wanted to purchase a car from Defendants. (FAC ¶¶ 20-22.) Plaintiff and Mr. Carr then returned to the sales desk and Plaintiff signed a credit application authorizing Defendants to conduct a credit inquiry into Plaintiff's credit; Plaintiff even provided the necessary information for Defendants to conduct a credit inquiry, including his social security number. (FAC ¶¶ 23-25.) In fact, Defendants could not have pulled Plaintiff's credit without Plaintiff providing the necessary information to Defendants in the credit application. A true and correct copy of Plaintiff's signed credit application is attached as **Exhibit 1**[1] to the Declaration of Chad G. Chapman, served concurrently and in support of this Motion.

Plaintiff alleged that Defendants conducted hard inquiries on July 15, 2025 (Experian), July 16, 2025 (Equifax), and July 17, 2025 (Transunion). (FAC ¶ 27.) Plaintiff now alleges that Defendants did not have a permissible purpose to conduct a hard credit inquiry into Plaintiff's credit. (*See* FAC.)

Prior to signing the credit application, Plaintiff knew that he did not need to sign it and did not need to authorize Defendants to conducted a credit inquiry if he

---

[1] Plaintiff repeatedly references the signed credit application in the FAC, incorporating it by reference, but failed to attach it to the FAC. (FAC ¶¶ 22-25, 28, 34, 38, 44.)

DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

did not want them too; as the NFCU representative told him, Plaintiff could have purchased a vehicle from somewhere else. (FAC ¶¶ 17, 19-21, 27c, 42, 44a, 44b.) Plaintiff even started to leave Valencia BMW before he signed the credit application authorizing Defendants to conduct a credit inquiry. (FAC ¶¶ 19-21.) Despite knowing he did not need to sign a credit application if he did not want to, Plaintiff still chose to fill out and sign the credit application authorizing Defendants to conduct a credit inquiry into Plaintiff's credit. (FAC ¶¶ 22-25, 28, 34, 38, 44; *see also* Complaint Exhibits D [July 25, 2025, Email Correspondence from Plaintiff to Gary Kazandjian], O [Declaration of Lindon Andre Voglezon II ¶ 13], S [BBB Response and Rebuttal], and X [BBB Response and Rebuttal] (Dkt. 1); Chapman Decl. ¶ 7, Ex. 1.) Thus, Defendants objectively had a permissible purpose to conduct an inquiry into Plaintiff's credit.

In the FAC, Plaintiff attempts to plead around material facts that he alleged in the original Complaint by excluding them from the FAC.[2] Specifically, Plaintiff failed to allege in the FAC that he did not "consummate" his loan through NFCU until July 30, 2025. (*See* Complaint ¶ 35 (Dkt. 1).) Which means that the underlying transaction of purchasing the Vehicle was ongoing when Defendants allegedly pulled Plaintiff's credit on July 15, 16, and 17. (FAC ¶ 27.)

When read as a whole, the FAC clearly alleges that Plaintiff authorized Defendants to conduct a credit check during his purchase of the Vehicle. Which means that Plaintiff not only authorized the hard credit inquiry, but Plaintiff also alleged that Defendants had a permissible purpose and legitimate business need to do so. (FAC ¶¶ 22-25, 28, 34, 38.) Thus, the Court should grant this Motion in its entirety and dismiss the FAC without leave to amend.

///

---

[2] In the Exhibits Plaintiff attached to his original Complaint (Dkt. 1), which Plaintiff excluded from the FAC, Plaintiff expressly stated that "it is true that I signed the documents" in response to Defendants' claim that Plaintiff "filled out and signed a Long Form Credit Application…a Route One Credit Application…[and] the credit disclosure that disclosed his score at the time of the pull." (Complaint Exs. S & X (Dkt. 1).)

1

## IV.   **LEGAL STANDARD**

2          Under Federal Rule of Civil Procedure, Rule 12(b)(6) ("FRCP 12(b)(6)"), a

3   defendant may move for dismissal when a complaint fails to state a claim upon

4   which relief can be granted. (Fed. R. Civ. P. 12(b)(6).) A motion to dismiss under

5   FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.

6   (Storm v. United States, 641 F.3d. 1051, 1067 (9th Cir. 2011).) When ruling on a

7   motion to dismiss under FRCP 12(b)(6), the Court must consider whether the

8   complaint meets the general pleading standards of FRCP 8 to determine if the

9   complaint is legally sufficient. (Ashcroft v. Iqbal, 556 U.S. 662, 684-687 (2009).)

10  "[C]ourts must consider the complaint in its entirety, as well as other sources courts

11  ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,

12  documents incorporated into the complaint by reference, and matters of which a

13  court may take judicial notice." (Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S.

14  308, 322 (2007); *see also* In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th

15  Cir. 2014).)

16         While all properly pleaded factual allegations are accepted as true, the court

17  need not accept conclusory allegations or legal characterizations as true. (Beliveau

18  v. Caras, 873 F. Supp. 1393, 1395-1396 (C.D. Cal. 1995).) A motion to dismiss is

19  properly granted where a plaintiff fails to plead a cognizable legal theory or fails to

20  plead sufficient facts under a cognizable legal theory. (Balistreri v. Pacifica Police

21  Department, 901 F.2d 696, 699 (9th Cir. 1990).)

22         In order "[t]o survive a motion to dismiss, a complaint must contain sufficient

23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its

24  face.'" (Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009), citing Bell Atl. Corp. v.

25  Twombly, 550 U.S. 544, 570 (2007).) In other words, the complaint must contain

26  facts that are enough to raise the right to relief "above the speculative level." (Bell

27  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).) In addition, "[a] claim has

28  facial plausibility when plaintiff pleads factual content that allows the court to draw

1  the reasonable inference that the defendant is liable for the misconduct alleged."
2  (Iqbal, 556 U.S. at 678.) However, pleadings that "are no more than conclusions"
3  are "not entitled to the assumption of truth." (Id. at 679.) Federal courts are not
4  "required to accept as true allegations that are merely conclusory, unwarranted
5  deductions of fact, or unreasonable inferences." (Sprewell v. Golden State Warriors,
6  266 F.3d 979, 988 (9th Cir. 2001).)

7       Though a complaint "does not need detailed factual allegations" to survive a
8  motion to dismiss under FRCP 12(b)(6), a plaintiff must provide "more than mere
9  labels and conclusions, and a formulaic recitation of the elements of a cause of action
10 will not do." (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).) The "[f]actual
11 allegations that are taken as true must plausibly suggest an entitlement to relief, such
12 that it is not unfair to require the opposing party to be subjected to the expense of
13 discovery and continued litigation." (Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
14 2011).) "The need at the pleading stage for allegations plausibly suggesting (not
15 merely consistent with)" a defendant's liability "reflects the threshold requirement
16 of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the
17 pleader is entitled to relief.'" (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007),
18 see also Fed R. Civ. P. 8.) "[R]ecitals of the elements of a cause of action, supported
19 by mere conclusory statements, do not suffice." (Ashcroft v. Iqbal, 556 U.S. 662,
20 678.)

21      Furthermore, a motion to dismiss under FRCP 12(b)(6) for failure to state a
22 claim is appropriate when the complaint, on its face, discloses an absolute defense
23 or bar to recovery, "if the pleadings establish fact compelling a decision one way,
24 that is as good as if depositions and other expensively obtained evidence on
25 summary judgment establishes the identical facts." (Weisbuch v. County of Los
26 Angeles, 119 F.3d 778, 783, fn.1 (9th Cir. 1997), see also Electric Props. E., LLC v.
27 Marcus & Millichap Co., 751 F.3d 990, 995-996 (9th Cir. 2014) ["the factual
28 allegations taken as true must possible suggest an entitlement to relief, such that it is

1  not unfair to require the opposing party to be subjected to the expense of discovery

2  and continued litigation"].)

3      In sum, "for a complaint to survive a motion to dismiss, the non-conclusory

4  'factual content,' and reasonable inferences from that content, must be plausibly

5  suggestive of a claim entitling the plaintiff to relief." (<u>Moss v. U.S. Secret Serv.</u>, 572

6  F.3d 962, 969 (9th Cir. 2009).)

7      Here, Plaintiff failed to allege any claim upon which relief can be granted. To

8  the contrary, Plaintiff alleged that Defendants *did not* violate FCRA.

9  **V.  <u>PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF 15 U.S.C. § 1681b</u>**

10      **<u>FAILS AS A MATTER OF LAW</u>**

11      Plaintiff's First Claim is an alleged violation of 15 U.S.C. § 1681b(a) and

12  § 1681b(f)(1) for alleged unauthorized credit inquiry conducted by Defendants.

13  Under the FCRA, to succeed on a claim that a defendant conducted an unauthorized

14  hard credit pull in violation of 15 U.S.C. § 1681b, a plaintiff must allege: "(1) the

15  defendant obtained a consumer credit report from a Consumer Reporting Agency,

16  (2) without a permissible purpose, and (3) the defendant acted willfully or

17  negligently in requesting the report." (<u>Demay v. Wells Fargo Home Mortg., Inc.</u>,

18  279 F. Supp. 3d 1005, 1008 (N.D. Cal. 2017); see also <u>Thomas v. U.S. Bank, N.A.</u>,

19  325 F. App'x 592, 593 (9th Cir. 2009) [affirming grant of summary judgment in

20  favor of defendant on § 1681b(f) claim where plaintiff failed to present evidence that

21  the defendant requested the report without a permissible purpose]; 15 U.S.C.

22  § 1681b.)

23      Here, Plaintiff alleges that Defendants did not have a permissible purpose to

24  pull his credit under 15 U.S.C. § 1681b(a). (*See* FAC.) This allegation is patently

25  false, as it is not only defeated by Plaintiff's own allegations in the FAC, but

26  Plaintiff's signed credit application unequivocally shows that Plaintiff did, in fact,

27

28

provide written instructions to authorize a credit pull.[3] (FAC ¶¶ 22-25, 28, 34, 38; Chapman Decl. ¶, Ex. 1.) Plaintiff also contends that Defendants did not have a legitimate business need to pull Plaintiff's credit as contemplated by 15 U.S.C. § 1681b(a)(3)(F). (FAC ¶ 42.) This contention is, even assuming the truth of all Plaintiff's factual statements, untrue as a matter of law, notwithstanding the fact that Plaintiff had his own financing.

First, a consumer reporting agency may furnish a credit report "[i]n accordance with the written instructions of the consumer to whom it relates." (15 U.S.C. § 1681b(a)(2).) This applies because the customer provided a handwritten and signed credit application. (FAC ¶¶ 22-25, 28, 34, 38; Chapman Decl. ¶, Ex. 1).

Second, a consumer report may be furnished where the user of the credit report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer," in other words, when a consumer applies for credit by way of signing a credit application. (15 U.S.C. § 1681b(a)(3)(A); Huertas v. Citigroup, Inc., 639 F. App'x 798, 800 (3d Cir. 2016) (quoting Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009)) [holding that "Citibank was authorized by § 1681b(a)(3)(A) to access [plaintiff's] credit report when it did because it did so after he applied for credit"].) Plaintiff will argue that this does not apply because Plaintiff had obtained his own auto financing, but, as articulated below, courts who have considered this issue have not taken such a restrictive view.

In any case, this transaction fits squarely within the final relevant prong, when the person to whom the report is furnished "otherwise has a legitimate business need for the information—in connection with a business transaction that is initiated by the

---

[3] Though a Court must generally accept allegations in a complaint as true at the motion to dismiss stage, the Court need not accept inconsistent allegations in a complaint as true." (Sacco v. Mouseflow, Inc., 2022 WL 4663361, at *2 (E.D. Cal. Sept. 30, 2022).)

consumer." (15 U.S.C. § 1681b(a)(3)(F)(i).)

Either a permissible purpose or authorization are required, but where there is a permissible purpose, authorization is not required. (Baker v. Bronx-Westchester Investigations, 850 F. Supp. 260, 264 (S.D.N.Y. 1994).) Even assuming Plaintiff did not validly authorize the credit pulls (which he unequivocally did), Plaintiff will still be unable to show that Defendants violated 15 U.S.C. § 1681b because the credit pull was related to a "credit transaction" and/or "legitimate business need."

## A. **Plaintiff Cannot Show a Violation of 15 U.S.C. § 1681b(a)(2) Because Plaintiff Authorized the Credit Pulls**

Plaintiff signed a credit application on July 15, 2025. Plaintiff refers to the credit application numerous times throughout the FAC, but he did not attach it to the FAC. (FAC ¶¶ 22-25, 28, 34, 38, 44.) Rather than claim that he did not sign the credit application, Plaintiff instead argues that he did sign the credit application, but not authorize Defendants to pull his credit. (FAC ¶¶ 22-25, 28, 34, 38.) A signed credit application provides adequate grounds to dismiss a cause of action under § 1681b because such written permission constitutes a permissible purpose under the FCRA. (Rosco v. Equifax Info. Servs., 2016 WL 2992133, at *3 (E.D. Wash. May 23, 2016) ["Although there are insufficient facts before the Court to understand the nature of Plaintiffs' claims, the Court notes the inconsistency of Plaintiffs' statement that they filled out a credit application, but that they 'were not trying to finance anything.' Plaintiffs' admission to filling out a credit application seemingly would grant Defendants the right to have access to their credit report"].)

If a plaintiff fails to attach a document to their complaint, but the complaint necessarily relies on said document, then a court may consider the document when ruling on a FRCP 12(b)(6) Motion to Dismiss if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." (Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Ecological Rights Foundation v. Pacific Gas & Electric Co., 713

F.3d 502, 511 (9th Cir. 2013).) "A complaint incorporates a document by reference if the plaintiff refers extensively to the document." (<u>In re Silver Lake Grp., LLC Sec. Litig.</u>, 108 F.4th 1178, 1187 (9th Cir. 2024).) Therefore, the signed credit application should be considered for purposes of this Motion to Dismiss. The application states in relevant part:

> The undersigned (1) make the above representations, which are certified to be correct, for the purpose of securing credit; (2) authorize us, the financial institution(s) and our respective affiliates to gather whatever credit and employment history it considers necessary and appropriate to determine creditworthiness.

It further states:
> This Credit Application may be submitted to various financial institution(s), including those named below, in connection with the purchase or approval of a sales finance contract written, or to be written, with your purchase. You are notified pursuant to the Fair Credit Reporting Act that your application may be submitted to them. (Chapman Decl., ¶ , Ex. 1.)

Plaintiff unequivocally admits in the FAC that he signed the credit application quoted above, and therefore Dealership was permitted to pull the credit report under 15 U.S.C. § 1681b(a)(2). (*See* <u>Rosco v. Equifax Info. Servs.</u>, 2016 WL 2992133, at *3 (E.D. Wash. May 23, 2016); *see also* <u>Brogan v. Fred Beans Chevrolet, Inc.</u>, 855 F. App'x 825, 827 (3d Cir. 2021); <u>Meeks v. Murphy Auto Grp., Inc.</u>, No. 8:09-cv-1050-T-TBM, 2010 U.S. Dist. LEXIS 132693, at *8 (M.D. Fla. Dec. 15, 2010).)

**B. <u>Defendants Had a Permissible Purpose to Run the Credit Check Because Plaintiff Initiated a Transaction Involving the Extension of Credit to Plaintiff as Contemplated by 15 U.S.C. § 1681b(a)(3)(A)</u>**

Seeking financing for the purchase of a new car is sufficient to bring the transaction under subparagraph (3)(A). (<u>Stergiopoulos v. First Midwest Bancorp, Inc.</u>, 427 F.3d 1043, 1047 (7th Cir. 2005).)

In <u>Landeis v. Future Ford</u>, the plaintiff went shopping for a car and told the

dealership that he would pay with cash and "clarified repeatedly with the staff of Future Ford that he wished to pay cash for the vehicle and did not wish to have his credit checked." (<u>Landeis v. Future Ford</u>, No. 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826, at *2-3 (E.D. Cal. June 14, 2006).) Unable to obtain the cash, the plaintiff left a post-dated check with the dealership, and during closing of the sale, the dealership ran plaintiff's credit. (<u>Id</u>.) In granting summary judgment to Defendant, the Eastern District noted, "While it is undisputed that Plaintiff objected to having his credit checked, it is likewise undisputed that he proceeded with a credit transaction securing Defendant's right to obtain his credit report under section 1681b(a)(3)(A)." (<u>Id</u>. at *12.) Significantly, what made this a "credit transaction" is the fact that the plaintiff tendered a check in exchange for the car. (<u>Id</u>. at *11-12; <u>Shepherd-Salgado v. Tyndall Fed. Credit Union</u>, No. 11-0427-WS-B, 2011 U.S. Dist. LEXIS 129128, at *24 (S.D. Ala. Nov. 7, 2011).)

Here, the facts are strikingly similar. Plaintiff purchased a car from Valencia BMW and allegedly stated repeatedly that he did not want financing from Defendants. He then tendered a check to Valencia BMW for the purchase of the Vehicle that did not clear for twenty days. (*See* Complaint ¶ 35 (Dkt. 1).)

**C. <u>Defendant Had a Permissible Purpose to Run the Credit Check Because the Defendants Had a "Legitimate Business Need" as Defined in 15 U.S.C. § 1681b(a)(3)(F)</u>**

As Plaintiff admitted, the NFCU loan was not "consummated" until July 30. (*See* Complaint ¶ 35 (Dkt. 1).) Yet, Plaintiff asserts that the unauthorized credit pulls were done earlier, on July 15, 2025 (Experian), July 16, 2025 (Equifax), and July 17, 2025 (Transunion). (FAC ¶ 27.)

Although Plaintiff's contention that Defendants proffered a false pretext for pulling the credit report is untrue, as a matter of law it is irrelevant. In other words, a "legitimate business need" is sufficient as a permissible purpose – and the inquiry ends there.

When credit is checked pursuant to an ongoing transaction with a dealership, it qualifies as a "legitimate business need." (<u>Padin v. Oyster Point Dodge</u>, 397 F.Supp.2d 712, 721 (E.D. Va. 2005).) In addition, the Second Circuit has held that "a report requester does not violate Section 1681q by giving a false reason for its request if it has an independent legitimate basis for requesting the report." (<u>Scott v. Real Estate Fin. Group</u>, 183 F.3d 97, 99 (2d Cir. 1999).) Thus, even if Plaintiffs allegations were taken as true, the alleged false reasoning for pulling Plaintiff's credit is irrelevant as Defendants unequivocally had a legitimate business need.

The question is whether there was an ongoing business transaction at the time that the Defendants performed the credit check, which is a "legitimate business need," as defined in the statute. Federal courts have answered this question on various grounds but come to the same conclusion, there is a legitimate business need until the transaction ends. The court in <u>Smith v. Bob Smith Chevrolet, Inc.</u>, 275 F.Supp.2d 808 held that when a dealership accessed a credit report *after the price had been paid in full*, there was no legitimate business need because the "part of the transaction which Plaintiff initiated" related to "Plaintiff's eligibility and debt was concerned, ended when the parties created a contract for the car's price and Plaintiff paid that price in full." (<u>Smith v. Bob Smith Chevrolet, Inc.</u>, 275 F.Supp.2d 808, 819 (W.D. Ky. 2003).) Similarly, the court in <u>Breneisen v. Countryside Chevrolet/Buick/GMC, Inc.</u>, 573 F. Supp. 3d 1328 held when the customer had already declined to purchase a vehicle when the dealership ran the credit inquiries. (<u>Breneisen v. Countryside Chevrolet/Buick/GMC, Inc.</u>, 573 F. Supp. 3d 1328, 1333-1334 (E.D. Wis. 2021).)

Here, the underlying transaction was unequivocally ongoing. Plaintiff alleged he had not paid any money at all, much less in full, towards the purchase of the Vehicle when Defendants conducted the allegedly disputed inquiries. (FAC ¶ 27.) Obviously, Plaintiff does not allege that he declined to purchase the vehicle when the inquiries were run because he purchased the Vehicle. (FAC ¶ 11.) Thus,

Defendants' had a legitimate business need because the transaction was not "consummated" at the time they conducted the allegedly unauthorized credit pulls. (FAC ¶ 27; *see also* Complaint ¶ 35 (Dkt. 1).).

Plaintiff contends that Defendants exceeded the scope of the credit authorization he approved. (FAC ¶ 44.) However, this argument is unpersuasive as Plaintiff knew he did not need to sign the credit application, but did so anyway, even after he initially refused and started to leave Valencia BMW.

Therefore, Plaintiff's First Claim fails as a matter of law on three different grounds. Thus, Defendants request that the Court grant this Motion and dismiss Plaintiff's First Claim for violation of 15 U.S.C. §§ 16891b without leave to amend.

## VI.    PLAINTIFF'S SECOND AND THIRD CLAIMS FOR VIOLATION OF 15 U.S.C. § 1681n AND § 1681o ARE NOT COGNIZABLE AND FAIL AS A MATTER OF LAW

15 U.S.C. § 1681n and § 1681o are not independent sources of liability. 15 U.S.C. § 1681n identifies the damages available to a plaintiff for willful violations of FCRA. (15 U.S.C. § 1681n.) While 15 U.S.C. § 1681o  identifies the damages available to a plaintiff for willful violations of FCRA. (15 U.S.C. § 1681o.) "The FCRA provides a private right of action for willful or negligent violations. To prove a willful violation, a plaintiff must show that a defendant knowingly or recklessly violated the FCRA." (Demay v. Wells Fargo Home Mortg. Inc., 279 F.Supp.3d 1005, 1010 (N.D. Cal. 2017).) As the First Circuit noted, the "FCRA contains substantive provisions (like section 1681e(b)) that set out the compliance duties of CRAs with respect to consumer information. Section 1681o and section 1681n provide for liability for negligent noncompliance and willful noncompliance, respectively, with those compliance duties." (McIntyre v. RentGrow, Inc., 34 F.4th 87, 92 (1st Cir. 2022).)

As articulated above, Plaintiff has not demonstrated a violation of the substantive provision cited, 15 U.S.C. § 1681b. Plaintiff provided express

authorization for the credit inquiries, Defendants conducted the inquiries in the midst of the transaction for the sale of the Vehicle, and Defendants had a permissible purpose because, as Plaintiff admitted, he signed the credit application authorizing the credit inquiry, and the NFCU loan was not "consummated" until July 30, 2025. (FAC ¶¶ 22-25, 28, 34, 38; *see also* Complaint ¶ 35 (Dkt. 1).) Without "a violation of the FCRA, there can be no finding of willful failure to comply with the statute." (Morris v. Trans Union LLC, 420 F. Supp. 2d 733, 740-41 (S.D. Tex. 2006), aff'd, 224 Fed. Appx. 415 (5th Cir. 2007); *see also* Demay, 279 F.Supp.3d at 1010 ["Because the Court finds that Plaintiffs have failed to plead an FCRA violation, the Court need not reach (willfulness or negligence)"].)

Moreover, as long as there was a "legitimate basis" for requesting the report, as here, it is simply irrelevant if the requester provided an inaccurate reason for requesting the report in the first place. (Scott v. Real Estate Fin. Group, 183 F.3d 97, 99 (2d Cir. 1999).) As articulated above, Defendants had a legitimate business need to conduct the credit inquiry.

Therefore, Plaintiff's Second Claim and Third Claim fails as a matter of law. Thus, Defendants request that the Court grant this Motion and dismiss Plaintiff's Second Claim for violation of 15 U.S.C. § 1681n and Plaintiff's Third Claim for violation of 15 U.S.C. § 1681o without leave to amend.

///

///

///

DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

## VII.  **CONCLUSION**

As articulated above, all three of Plaintiff's claims alleged in the FAC fail as a matter of law. Not only that, but as Plaintiff's own allegations clearly demonstrate, Plaintiff cannot cure the pleading deficiencies in the FAC. Thus, Defendants request that the Court grant this Motion to Dismiss in its entirety without leave to amend.

DATED:  March 6, 2026                                **KOLAR & ASSOCIATES,
                                                     A LAW CORPORATION**


                                       By:   */s/ Chad Chapman*
                                             ELIZABETH L. KOLAR, ESQ.
                                             CHAD G. CHAPMAN, ESQ.
                                             Attorneys for Defendant,
                                             **CIG FINANCIAL, LLC, DBA
                                             AUTONATION FINANCE AND
                                             VALENCIA B IMPORTS, INC.
                                             DBA VALENCIA BMW**

1

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW certifies that this brief contains 4,581 words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 6, 2026                    **KOLAR & ASSOCIATES,**
                                         **A LAW CORPORATION**


                                    By:   */s/ Chad Chapman*
                                          ELIZABETH L. KOLAR, ESQ.
                                          CHAD G. CHAPMAN, ESQ.
                                          Attorneys for Defendant,
                                          **CIG FINANCIAL, LLC, DBA**
                                          **AUTONATION FINANCE AND**
                                          **VALENCIA B IMPORTS, INC.**
                                          **DBA VALENCIA BMW**

**PROOF OF SERVICE**
File No. GAL-25359

STATE OF CALIFORNIA

COUNTY OF ORANGE

I am employed in the County of Orange, State of California, I am over the age of 18 years and not a party to the within action; my business address is 12241 Newport Avenue, Santa Ana, California 92705-3288.

On March 6, 2026, I served the foregoing document described as:

**DEFENDANTS CIG FINANCIAL, LLC, DBA AUTONATION FINANCE AND VALENCIA B IMPORTS, INC. DBA VALENCIA BMW'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

I served said document on the Plaintiff Lindon Andre Voglezon II, by sending a true and correct copy via electronic correspondence to the email address Plaintiff identified as their email address to receive service of documents in this action.

__X__   (By Electronic Transmittal)  I electronically served a copy of this document as required by local and federal laws to the email address Plaintiff Lindon Andre Voglezon II identified as their email address to receive service of documents in this action: *biiigdre89@gmail.com*.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 6, 2026, at Santa Ana, California.

                                        */s/ Chad Chapman*

                                        Chad Chapman