FILED

Lindon Andre Voglezon II

b████████gmail.com

████████████

Simi Valley, California, ████

████-9040

Plaintiff in Pro Per

2026 MAR 11  PH 12:41

CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ___J'si___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION – SANTA ANA**

| | |
|---|---|
| Lindon Andre Voglezon II,<br><br>Plaintiff,<br><br>vs.<br><br>CIG Financial, LLC, dba<br><br>AUTONATION FINANCE<br><br>VALENCIA B IMPORTS, INC., dba<br><br>VALENCIA BMW, also known as<br><br>"AUTONATION BMW VALENCIA"<br><br>Defendants. | Case No.: 8:25-cv-02407-FWS-ADS<br><br>Hon. Fred W. Slaughter<br>United States District Court Judge<br>Courtroom: 10D<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' FRCP 12(b)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>*[Filed concurrently with Request for Judicial Notice (RJN) (limited to court orders: 1/21/26 order + minute order), Plaintiff's Proof Of Service (email service), and Plaintiff's Proposed Order (denying motion)]*<br><br>Complaint Filed:  October 24th, 2025<br>Hearing Date:  April 9th, 2026<br>Time:  10:00 AM<br>Courtroom:  10D |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

## I. INTRODUCTION

Defendants' renewed Rule 12(b)(6) motion reasserts the same "signed RouteOne credit application = permissible purpose" theory and again asks the Court to resolve disputed issues of scope, timing, and context on the pleadings. In doing so, Defendants improperly rely on allegations and exhibits from Plaintiff's superseded original complaint to support a "legitimate business need" narrative that is not pleaded in the operative First Amended Complaint ("FAC"). The FAC instead pleads a plausible FCRA claim based on purpose and scope: Plaintiff arrived with Navy Federal pre-approval, declined dealership-arranged financing, was told a credit pull was required for "identity verification," attempted to leave to prevent any pull, and Defendants nevertheless obtained Plaintiff's consumer reports and used the results to solicit and negotiate dealer financing. Those allegations must be accepted as true at this stage, and Defendants cannot use incorporation-by-reference to convert a disputed factual record into an "absolute defense." The motion should be denied. At minimum, any dismissal should be without prejudice and with leave to amend.

## II. LEGAL STANDARD

A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. On a Rule 12(b)(6) motion, the Court accepts well-pleaded allegations as true and draws reasonable inferences in Plaintiff's favor. The Court may consider the complaint, documents attached to it, and in limited circumstances documents incorporated by reference—but incorporation cannot be used to resolve factual disputes or contradict well-pleaded allegations at the pleading stage.

2

## III. <u>ARGUMENT</u>

### A. Defendants improperly rely on the superseded original complaint and its exhibits

The operative pleading is the FAC. Defendants' motion repeatedly imports allegations and exhibits from the original complaint to support a narrative that the transaction was "ongoing" and to bolster their "legitimate business need" theory. That is improper on a motion directed to the FAC. The FAC supersedes the original complaint; Defendants cannot cherry-pick superseded allegations to defeat the FAC on Rule 12(b)(6).

To the extent Defendants' arguments depend on the original complaint's allegations/exhibits rather than the FAC's allegations, they should be disregarded.

### B. The RouteOne document does not create an "absolute defense" at the pleading stage because the FAC pleads a factual dispute about scope, timing, and context

Defendants argue the FAC is barred because Plaintiff "admitted" signing a document and therefore gave written permission, creating permissible purpose as a matter of law. But the FAC does not plead "signature = carte blanche." The FAC pleads (among other facts) that:

1. Plaintiff arrived with NFCU financing and declined dealership financing;
2. dealership personnel insisted they "must" run credit for "identity verification";
3. the paperwork was presented as identity verification (at minimum);
4. Plaintiff attempted to leave to prevent a credit pull; and
5. Defendants then used the consumer report results to solicit dealership financing.

3

Those allegations plausibly plead that any purported authorization was limited in scope and/or obtained through misrepresentation as to purpose, and that Defendants exceeded permissible scope by obtaining and using consumer reports for dealership financing solicitation after repeated refusals. Whether Defendants had a permissible purpose under § 1681b and whether they acted within permissible scope are fact-intensive questions not properly resolved on a motion to dismiss. Defendants' motion itself acknowledges Plaintiff repeatedly declined dealership financing, which underscores that the dispute is about scope, timing, and context—not merely whether a form exists.

**C. Defendants' incorporation-by-reference argument cannot be used to resolve contested facts**

Defendants invoke incorporation by reference to place the RouteOne document before the Court as conclusive. Even if the document is considered, the Court cannot use it to resolve factual disputes about what the document was presented as, whether Plaintiff knowingly applied for dealership financing, and whether Defendants used consumer reports outside permissible scope. The FAC alleges a specific factual context ("identity verification," refusal of dealer financing, NFCU confirmation, attempted departure, solicitation using report results). Defendants' motion asks the Court to weigh competing narratives and accept Defendants' inferences— something Rule 12(b)(6) does not allow.

**D. Defendants' alternative theories (§ 1681b(a)(3)(A) and § 1681b(a)(3)(F)) are fact-dependent and cannot be decided on the pleadings**

Defendants argue there was permissible purpose because there was a "credit transaction" or "legitimate business need." But the FAC alleges Plaintiff did not request dealership financing and had confirmed outside financing. Whether a "credit transaction" existed with Defendants, and whether

Defendants had a legitimate business need for consumer reports after Plaintiff declined dealer financing and sought to leave, are fact questions. Defendants' motion relies on assumptions about the transaction and Defendants' role that are contested by the FAC's allegations and require discovery (including portal submission logs, audit trails, and communications).

**E. At minimum, dismissal with prejudice is not warranted**

Defendants request dismissal with prejudice. That is not warranted at the pleading stage, particularly where the dispute turns on scope, timing, context, and audit-trail evidence. If the Court identifies any pleading deficiency, Plaintiff respectfully requests leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **DENY** Defendants' Motion to Dismiss the First Amended Complaint. In the alternative, if the Court identifies any pleading deficiency, Plaintiff requests dismissal **without prejudice** and with **leave to amend**.

Dated:  __March 11th__ , 2026

Respectfully submitted,

/s/ Lindon Andre Voglezon II

Lindon Andre Voglezon II, Plaintiff, Pro Se