UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                           Date: April 7, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                                            Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [35]**

Plaintiff Lindon Andre Voglezon, II, representing himself, alleges that Defendants CIG Financial, LLC, doing business as AutoNation Finance ("AutoNation") and Valencia B Imports, Inc. ("Valencia BMW" and, together with AutoNation, "Defendants") ran an impermissible consumer credit report check on Plaintiff. (*See generally* Dkt 25 ("First Amended Complaint" or "FAC").) Before the court is Defendants' Motion to Dismiss. (Dkt. 35 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 36 ("Opposition" or "Opp.").) Defendants filed a reply in support of the Motion. (Dkt. 40 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** currently set for **April 9, 2026,** is **VACATED** and **OFF CALENDAR**. Based on the record, as applied to the relevant law, the court **GRANTS** the Motion.

I.     **Legal Standard**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02407-FWS-ADS                    Date: April 7, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

1051 (9th Cir. 2014) (stating that, in ruling on a Rule 12(b)(6) motion, the court may consider attached exhibits).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level."  *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).  "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

## II.    Background and Discussion

In a prior order, the court dismissed Plaintiff's original complaint because it found Plaintiff's allegations established that that Defendants had a permissible purpose to run Plaintiff's credit.  (Dkt. 22 ("Prior Order").)  Now, Plaintiff's allegations are substantially similar to those alleged in his first complaint: Defendants caused hard inquiries into Plaintiff's credit despite knowing that Plaintiff did not want financing from Defendants.  (*Compare* FAC with Dkt. 1 ("Complaint").)  Arising out of that incident, Plaintiff brings three claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. for: (1) "Obtaining/Using

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                    Date: April 7, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

Consumer Reports without a Permissible Purpose (15 U.S.C. §§ 1681b(f)(1); 1681(b)(a))"; (2) "Willful Noncompliance (15 U.S.C. § 1681n") and (3) "Negligent Compliance [] (15 U.S.C. § 1681o)" (*Id.* ¶¶ 41-51.)

The FCRA "prohibits third parties from accessing consumer credit reports without a statutorily authorized (*i.e.*, a 'permissible') purpose." *Demay v. Wells Fargo Home Mortg., Inc.*, 279 F. Supp. 3d 1005, 1008 (N.D. Cal. 2017) (citing 15 U.S.C. § 1681b(f)(1)). "To assert a claim against a party for requesting a consumer credit report without a permissible purpose, a plaintiff must establish: (1) the defendant obtained a consumer credit report from a Consumer Reporting Agency, (2) without a permissible purpose, and (3) the defendant acted willfully or negligently in requesting the report." *Id.*

The FCRA lists several permissible purposes for which a person may obtain a credit report. 15 U.S.C. § 1681b(a)(3). One purpose, listed in § 1681b(a)(3)(A), "authorizes an offeror of credit to access a consumer's credit report 'when the consumer applies for credit.'" *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 800 (3d Cir. 2016) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009)) (holding that "Citibank was authorized by § 1681b(a)(3)(A) to access [plaintiff's] credit report when it did because it did so after he applied for credit"); *Cole v. U.S. Cap.*, 389 F.3d 719, 725 & n.5 (7th Cir. 2004) (noting that a permissible purpose for accessing a credit report under § 1681b(a)(3)(A) includes "when the consumer applies for credit").

In its Prior Order, the court found that Plaintiff did not state a claim under the FCRA because Plaintiff's allegations, exhibits attached to Plaintiff's complaint, and a credit application signed by Plaintiff, reflected that Defendants had permission to run Plaintiff's credit. (*See* Prior Order at 5 (citing *Rosco v. Equifax Info. Servs.*, 2016 WL 2992133, at *3 (E.D. Wash. May 23, 2016) ("Although there are insufficient facts before the Court to understand the nature of Plaintiffs' claims, the Court notes the inconsistency of Plaintiffs' statement that they filled out a credit application, but that they 'were not trying to finance anything.' [] Plaintiffs' admission to filling out a credit application seemingly would grant Defendants the right to have access to their credit report.")).)

The court finds the First Amended Complaint suffers from the same defects. Although the thrust of Plaintiff's claims continues to be that Defendants wrongfully ran Plaintiff's credit,

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                                    Date: April 7, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

Plaintiff continues to reference both the credit application and his signing of it.  (*See* FAC ¶¶ 22, 24, 25.)  And Plaintiff contests the circumstances surrounding the credit application but does not contest that the credit application is faithfully reproduced here.  (*See* Opp. 4 (arguing that it is unclear "what the document was presented as, whether Plaintiff knowingly applied for dealership financing and whether Defendants used consumer reports outside permissible scope")).  The court thus finds the credit application is subject to judicial notice.  (*See* Dkt. 35-1 Ex. A ("Credit Application").)  "Courts may consider documents incorporated into the complaint by reference." *In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1187 (9th Cir. 2024) (citation modified).  "A complaint incorporates a document by reference if the plaintiff refers extensively to the document." *Id.* (citation modified).  Moreover, the court previously took judicial notice of the Credit Application and does not find it would be appropriate to ignore it here.  *See California Ass'n for Pres. of Gamefowl v. Stanislaus Cnty.*, 2023 WL 1869010, at *5 n.3 (E.D. Cal. Feb. 9, 2023) ("Although an amended complaint supersedes the previous, the Court finds it may properly take judicial notice of the exhibits attached to the initially filed complaint, particularly given the documents were referenced in part in the previous order on dismissal.").

The Credit Application states in relevant part:

> I authorize dealer and any finance company, bank or other financial institution to which the dealer submits my application ('you') to investigate my credit and employment history, verify my income, obtain credit reports, and release information about your credit experience with me as the law permits…I certify that I have read and agree to the terms of this application and that the information in it is complete and true.

(Credit Application at 2.)  The court again finds that Plaintiff's allegations and the Credit Application establish that Defendants had a permissible purpose to run Plaintiff's credit and Plaintiff thus does not state a claim under the FCRA.  *See Rosco*, 2016 WL 2992133, at *3.  Plaintiff argues that the "specific factual context of this case" precludes a finding of a permissible purpose.  (Opp. at 4.)  But Plaintiff does not provide legal authority, nor adequately allege a theory of why the court should not hold him to the contract he signed.  (*See id.*)  The court construes pro se pleadings liberally but "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                    Date: April 7, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

Cir. 1982); *see also Calles v. California Dep't of Corr. & Rehab.*, 2016 WL 11742791, at *3 (C.D. Cal. July 27, 2016) ("A court, however, may not supply essential elements of a claim that the pro se plaintiff did not initially plead.")

In sum, Plaintiff did not cure the deficiencies the court previously identified and the court thus **GRANTS** the Motion.  Plaintiff's First Amended Complaint is **DISMISSED.**  "Although leave to amend 'shall be freely given when justice so requires,' it may be denied" where it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)).  For the reasons stated above, the court finds that allowing Plaintiff to amend the First Amended Complaint would be futile.  Accordingly, based on the record, including the fact that Plaintiff has already had an opportunity to amend his complaint, and in the court's discretion, the court's dismissal is **WITHOUT LEAVE TO AMEND.**  *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## III.    Disposition

For the reasons stated above, the court **GRANTS** the Motion.  Plaintiff's First Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**