FILED

2026 APR 17 PM 3:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

Lindon Andre Voglezon II

b██████@gmail.com

██████████

Simi Valley, California, ███

████-9040

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Lindon Andre Voglezon II,<br><br>Plaintiff,<br><br>vs.<br><br>CIG Financial, LLC, dba<br>AUTONATION FINANCE<br><br>VALENCIA B IMPORTS, INC., dba<br>VALENCIA BMW, also known as<br>"AUTONATION BMW VALENCIA"<br>Defendants. | Case No.: 8:25-cv-02407-FWS-ADS<br><br>Hon. Fred W. Slaughter<br>United States District Court Judge<br>Courtroom: 10D<br><br>**PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S APRIL 7, 2026 DISMISSAL ORDER UNDER FED. R. CIV. P. 59(e) AND FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT**<br><br>Complaint Filed:      October 24th, 2025 |

Plaintiff Lindon Andre Voglezon II PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S APRIL 7, 2026 DISMISSAL ORDER AND FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT CASE NO. 8:25-cv-02407-FWS-ADS

**NOTICE OF MOTION**

Plaintiff Lindon Andre Voglezon II, pro se, moves under Fed. R. Civ. P. 59(e) (and alternatively Rule 60(b)) for an order altering or amending the Court's April 7, 2026 dismissal order to permit Plaintiff leave to amend, and for leave to file the attached Proposed Second Amended Complaint ("PSAC") (Ex. 1).

## I. INTRODUCTION

On April 7, 2026, the Court granted Defendants' renewed Rule 12(b)(6) motion and dismissed Plaintiff's First Amended Complaint without leave to amend. Plaintiff respectfully moves under Rule 59(e) to alter or amend that order to permit leave to amend because Plaintiff can cure the precise defect identified by the Court—i.e., a legally recognized basis explaining why Plaintiff should not be "held to the contract" Defendants rely upon—by pleading fraud in the execution (fraud in factum) and lack of knowing assent to the nature and scope of the purported authorization, supported by newly identified internal inconsistencies and false entries on Defendants' own exhibit.

Plaintiff attaches a Proposed Second Amended Complaint (Exhibit 1) that pleads this narrow theory and clarifies scope, timing, and context.

## II. LEGAL STANDARD

Rule 59(e) permits the Court to alter or amend an order to correct manifest error of law or fact or to prevent manifest injustice. Denial of leave to amend may be revisited where a plaintiff proffers a proposed amended pleading that cures the stated deficiency and demonstrates amendment is not futile.

## III. ARGUMENT

### A. Amendment is not futile because Plaintiff can plead a recognized limiting doctrine: fraud in the execution / lack of knowing assent.

The Court dismissed without leave based on the view that the RouteOne authorization is dispositive and that Plaintiff did not plead a theory why he should

not be held to it. Plaintiff can cure this by pleading fraud in the execution (fraud in factum): Plaintiff was led to believe he was signing identity-verification paperwork rather than authorizing consumer report access and lender submission for dealership-arranged financing. The Proposed Second Amended Complaint pleads this doctrine expressly and ties it to concrete facts.

A signature does not constitute a binding manifestation of assent where it is procured through **fraud in the inducement** *(fraud in factum)*—i.e., where a party is misled as to the character or essential terms of the writing. See **Restatement (Second) of Contracts § 163** (no manifestation of assent when misrepresentation as to the character or essential terms induces apparent assent). California recognizes the same doctrine. See **Rosenthal v. Great Western Fin. Securities Corp.**, 14 Cal. 4th 394 (1996) (distinguishing fraud in the execution and explaining that such fraud negates assent). Plaintiff's proposed amendment pleads this doctrine and supporting facts (identity-verification representation; dealer-completed false entries), so amendment is not futile.

### B. Newly identified discrepancies on the exhibit support the need for amendment and show the authorization cannot be treated as dispositive at the pleading stage.

After the Court's dismissal, Plaintiff reviewed Defendants' own RouteOne exhibit and identified internal features that support the PSAC's fraud-in-execution and dealer-completed-form allegations, including:

1. the "Credit Application" header shows neither "individual credit" nor "joint credit" selection is checked and the "Applicant/Joint Applicant" designation is blank; and

2. Section D shows "Landlord or Mortgage Holder (Applicant)" marked "YES," which is false because Plaintiff rents. (Ex. 2.)

These discrepancies are consistent with Plaintiff's allegation that he was presented paperwork as "identity verification," provided limited information,

returned it, and the dealer completed additional fields/choices. They also bear directly on whether the Court should treat the RouteOne authorization as dispositive "written instructions" at the pleading stage.

**C. At minimum, dismissal without leave to amend should be amended to grant leave.**

A signature does not constitute a binding manifestation of assent where it is procured through **fraud in the inducement** *(fraud in factum)*—i.e., where a party is misled as to the character or essential terms of the writing. See **Restatement (Second) of Contracts § 163** (no manifestation of assent if misrepresentation as to the character or essential terms induces apparent assent). California recognizes the same doctrine. See **Rosenthal v. Great Western Fin. Securities Corp.**, 14 Cal. 4th 394 (1996) (fraud in the inducement negates assent). Plaintiff's proposed amendment pleads this doctrine and supporting facts (identity-verification representation; dealer-completed false entries), so amendment is not futile.

Even if the Court maintains its view that the FAC is deficient, the proper remedy is to grant leave to amend where Plaintiff proffers a specific PSAC that cures the defect the Court identified. The Court's "futility" conclusion is undermined by the PSAC's narrow legal theory and the exhibit discrepancies demonstrating that additional allegations are available and plausible.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court alter or amend the April 7, 2026 order to grant Plaintiff leave to file the attached Proposed Second Amended Complaint (Ex. 1). In the alternative, Plaintiff requests relief under Rule 60(b) to prevent manifest injustice.

DATED: _____**April 17th**_____, 2026

/s/ **Lindon Andre Voglezon II**

**Lindon Andre Voglezon II**, Plaintiff Pro Se

4

# EXHIBIT 1

Lindon Andre Voglezon II

b█████@gmail.com

███████████

Simi Valley, California, ███

████-9040

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Lindon Andre Voglezon II,<br><br>Plaintiff,<br><br>vs.<br><br>CIG Financial, LLC, dba<br><br>AUTONATION FINANCE<br><br>VALENCIA B IMPORTS, INC., dba<br><br>VALENCIA BMW, also known as<br><br>"AUTONATION BMW VALENCIA"<br><br>Defendants. | Case No.: 8:25-cv-02407-FWS-ADS<br><br>Hon. Fred W. Slaughter<br>United States District Court Judge<br><br>**PROPOSED SECOND AMENDED COMPLAINT**<br><br>Complaint Filed:        October 24th, 2025 |

**INTRO:**

**1.** This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendants' procurement and use of Plaintiff's consumer reports after Plaintiff repeatedly declined dealership-arranged financing, confirmed outside financing through Navy Federal Credit Union ("NFCU"), and was told the paperwork presented was for identity verification—not a credit pull or lender submission for dealership financing.

2. Defendants nonetheless obtained Plaintiff's consumer reports and used the results to solicit and negotiate dealership-arranged financing and credit terms.

## JURISDICTION

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FCRA, 15 U.S.C. § 1681 et seq.

## VENUE

4. Venue is proper in this District under 28 U.S.C. § 1391 because the events and omissions giving rise to these claims occurred in this District and Defendants conduct business in this District.

5. **DIVISION (Southern — Santa Ana).** Assignment to the Southern Division is proper because Defendant CIG Financial, LLC resides and conducts relevant operations in Orange County, and a substantial part of the events or omissions giving rise to the claims— including consumer report access through Defendants' financing channel(s) and related operations—occurred in this District. See 28 U.S.C. § 1391(b), (c)(2), (d).

## PARTIES

6. Plaintiff's name is Lindon Andre Voglezon II is a natural person and a "consumer" under 15 U.S.C. § 1681a(c).

7. Defendant Valencia B Imports, Inc. d/b/a Valencia BMW ("Valencia BMW") is a motor vehicle dealership operating in California.

8. Defendant CIG Financial, LLC d/b/a AutoNation Finance ("CIG") is engaged in auto finance-related business and, on information and belief, participates in dealer-submitted application workflows and/or receives or accesses consumer report information submitted through dealership systems and portals.

Plaintiff Lindon Andre Voglezon II PROPOSED SECOND AMENDED COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

## FACTUAL ALLEGATIONS

9. In July 2025, Plaintiff visited Valencia BMW to purchase a vehicle using outside financing through NFCU.

10. Plaintiff had NFCU financing/pre-approval and intended to complete the purchase using NFCU, not dealership-arranged financing.

11. Plaintiff repeatedly declined dealership-arranged financing and communicated that he was using NFCU financing.

12. Valencia BMW personnel stated that Plaintiff needed to complete paperwork for "identity verification" and represented that a credit pull was not required because Plaintiff had NFCU financing.

13. Relying on those representations, Plaintiff provided limited identifying information and signed where directed. Plaintiff did not knowingly apply for dealership-arranged financing and did not knowingly authorize Defendants to obtain tri-bureau consumer reports or to submit Plaintiff's information to finance companies for dealership financing.

14. Plaintiff returned the paperwork. Only thereafter did dealership personnel ask Plaintiff for employment information verbally and populate additional fields themselves.

15. Plaintiff also involved NFCU by phone to confirm financing and to reinforce that dealership-arranged financing was not requested or required.

16. Plaintiff attempted to leave to prevent any credit pull, but Valencia BMW persisted and continued to press the "identity verification" rationale.

17. Despite Plaintiff's repeated refusal of dealership-arranged financing and after NFCU confirmation, Defendants obtained Plaintiff's consumer reports (including hard inquiries reported to one or more consumer reporting agencies) and used the report results to solicit and negotiate dealership-arranged financing and credit terms.

**18.** Defendants' conduct included presenting credit-related options and attempting to persuade Plaintiff to accept dealership financing after obtaining the consumer report results.

**19.** The "credit application" Defendants rely upon was generated through dealer systems (including RouteOne), and on information and belief, audit trails exist reflecting the user, timestamp, and submission history.

**20.** After reviewing the "credit application" exhibit Defendants produced in this case, Plaintiff discovered indicia supporting that the document was dealer-generated and not a consumer-completed credit application reflecting knowing assent to dealership financing submission, including:

   a.  At the top of the form, the boxes indicating "individual credit" and "joint credit" are not checked and the "Applicant / Joint Applicant" designation is blank; and

   b.  In Section D, "Landlord or Mortgage Holder (Applicant)" is marked "YES," which is false because Plaintiff rents and is not a landlord or mortgage holder.

**21.** Plaintiff did not make the "Landlord or Mortgage Holder = YES" selection, never represented that statement as true, and did not knowingly authorize dealership lender submissions or tri-bureau credit pulls for dealership-arranged financing.

**22.** These internal inconsistencies and false entries are consistent with Plaintiff's allegation that dealership personnel completed material portions of the "application" after Plaintiff signed identity-verification paperwork and that Plaintiff did not knowingly assent to the true character and scope of what Defendants later used as an authorization.

**23. Fraud in the inducement *(fraud in factum)*:** Plaintiff's signature was procured through fraud in the inducement because Plaintiff was led to

believe he was signing paperwork for identity verification rather than a credit application/authorization to obtain consumer reports and submit his information to finance companies for dealership-arranged financing.

24. As a result of Defendants' conduct, Plaintiff suffered harm including the presence of hard inquiries, interference with credit-related interests, and associated distress and time spent attempting to resolve the issue.

## CLAIMS FOR RELIEF

### COUNT I — VIOLATION OF FCRA: OBTAINING/USING CONSUMER REPORTS WITHOUT PERMISSIBLE PURPOSE

### (15 U.S.C. § 1681b(f); § 1681b(a))

25. Plaintiff realleges paragraphs 1–25.

26. Under 15 U.S.C. § 1681b(f), a person may not use or obtain a consumer report unless the report is obtained for a purpose authorized under § 1681b(a) and the purpose is certified as required.

27. Defendants obtained Plaintiff's consumer report(s) when Plaintiff repeatedly declined dealership-arranged financing and after Plaintiff confirmed outside financing through NFCU.

28. Plaintiff did not knowingly provide "written instructions" authorizing Defendants to obtain consumer reports for dealership-arranged financing or to submit Plaintiff's information to finance companies for dealership financing. Any signature obtained was procured through fraud in the execution and/or was limited to identity verification as represented by dealership personnel.

29. Alternatively, even if Defendants contend a written authorization existed, Defendants exceeded any permissible scope by obtaining and using consumer report results to solicit and negotiate dealership-arranged

financing after Plaintiff repeatedly declined such financing and after NFCU confirmation.

30. Defendants' procurement and use of Plaintiff's consumer report(s) as alleged was not authorized by § 1681b(a) under the true circumstances pleaded and/or exceeded permissible scope.

## COUNT II — *Willful Noncompliance*

## *(15 U.S.C. § 1681n)*

31. Plaintiff realleges paragraphs 1–31.

32. Defendants' conduct was willful within the meaning of 15 U.S.C. § 1681n because Defendants knowingly or recklessly obtained and used Plaintiff's consumer report(s) in disregard of Plaintiff's repeated refusal of dealership-arranged financing and while using an identity-verification pretext to procure a signature, and then used the results to solicit dealership financing.

33. Plaintiff seeks statutory damages, punitive damages, and costs under § 1681n.

## COUNT III — *Negligent Noncompliance*

## *"(15 U.S.C. § 1681o)"*

34. Plaintiff realleges paragraphs 1–34.

35. In the alternative, Defendants were negligent under 15 U.S.C. § 1681o in obtaining and using Plaintiff's consumer report(s) without a permissible purpose and/or beyond permissible scope, causing Plaintiff harm.

36. Plaintiff seeks actual damages and costs under § 1681o.

## PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

37. For statutory damages under 15 U.S.C. § 1681n, as applicable;

6

**38.** For actual damages under 15 U.S.C. § 1681o, as proven;

**39.** For punitive damages under 15 U.S.C. § 1681n, as applicable;

**40.** For costs of suit;

**41.** For such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

## <u>SIGNATURE</u>

Dated: __**April 17th**__ , 2026

x _Lindon Vogl II_

Respectfully submitted,

/s/ **Lindon Andre Voglez(on) II**

**Lindon Andre Voglezon II**

Plaintiff, Pro Se

Plaintiff Lindon Andre Voglezon II PROPOSED SECOND AMENDED COMPLAINT
CASE NO. 8:25-cv-02407-FWS-ADS

# EXHIBIT 2

# CREDIT APPLICATION
(Check appropriate box below)

**IMPORTANT: READ THESE DIRECTIONS BEFORE COMPLETING THIS APPLICATION**

(Purchase / Lease)

☐ If you are applying for individual credit in your own name, are not married (or not a resident of a community property state), and are not relying on alimony, child support, or separate maintenance payments or on the income or assets of another person as the basis for repayment of the credit requested, complete all sections except Section C.

☐ In all other situations, complete all sections and, in Sections C and D, include information about the joint applicant, your spouse, or other person on whose alimony, support, or maintenance payment or income or assets you are relying.

If you intend to apply for joint credit, please initial here.

_____ APPLICANT     _____ JOINT APPLICANT

**NOTE: APPLICANT, IF MARRIED, MAY APPLY FOR A SEPARATE ACCOUNT.**

| SELLER | STOCK NO. | V.I.N. | DATE | AMOUNT REQUESTED $ |
|---|---|---|---|---|

## SECTION B. Information Regarding Applicant:

| E-MAIL ADDRESS: | | CELL PHONE: |
|---|---|---|

| LAST NAME (PRINT) | FIRST | INITIAL | | AGES OF DEPENDENTS | ☐ MARRIED ☐ UNMARRIED ☐ SEPARATED |
|---|---|---|---|---|---|
| Voglezon II | Lindon | A | | | |

| CITY | STATE | ZIP | HOME PHONE | | HOW LONG AT THIS ADDRESS? |
|---|---|---|---|---|---|
| Simi Valley | CA | | -9040 | | 6 YRS. MOS. |

| PREVIOUS ADDRESSES (TO COVER 5 YEARS' RESIDENCE) | CITY | STATE | ZIP | HOW LONG? YRS. MOS. | LIVED IN THE COMMUNITY? YRS. MOS. |
|---|---|---|---|---|---|
| | CITY | STATE | ZIP | HOW LONG? YRS. MOS. | LIVED IN THE COMMUNITY? YRS. MOS. |

| PRESENT EMPLOYER | OCCUPATION OR RANK | WAGES/SALARY-GROSS $ | ☐ Per Week ☐ Per Month ☐ Per Year | HOW LONG EMPLOYED? |
|---|---|---|---|---|
| LV Strategies & Holdings, LLC | Executive Protection | | | 6 YRS. MOS. |

| PRESENT EMPLOYER'S ADDRESS | CITY | STATE | ZIP | WORK PHONE |
|---|---|---|---|---|
| 30 N Gould St. Ste R. | Sheridan | WY | 82801 | (909)641-9040 |

| PREVIOUS EMPLOYMENT (TO COVER 5 YEAR HISTORY) | ADDRESS | CITY | STATE | ZIP | PHONE | HOW LONG EMPLOYED? YRS. MOS. |
|---|---|---|---|---|---|---|
| | ADDRESS | CITY | STATE | ZIP | PHONE | HOW LONG EMPLOYED? YRS. MOS. |

| NEAREST RELATIVE NOT LIVING WITH APPLICANT | ADDRESS | CITY | STATE | ZIP | PHONE | RELATIONSHIP |
|---|---|---|---|---|---|---|
| OTHER REFERENCE | ADDRESS | CITY | STATE | ZIP | PHONE | RELATIONSHIP |

**INCOME:**

Applicant's gross monthly income from employment.............................................................. $ _____

Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

Alimony, child support, separate maintenance received under:   court order ☐   written agreement ☐   oral understanding ☐   AMOUNT $ _____

Amount of other monthly income and source(s)................................................................... $ _____

## SECTION C. Information Regarding Spouse (in community property states), or Co-Applicant (Use separate sheets if necessary)     TOTAL MONTHLY INCOME $ _____

| LAST NAME (PRINT) | FIRST | INITIAL | BIRTHDATE | DRIVER'S LIC NO. | SOCIAL SECURITY NO./FED.TAX ID. NO. | AGES OF DEPENDENTS | ☐ MARRIED ☐ UNMARRIED ☐ SEPARATED |
|---|---|---|---|---|---|---|---|

| ADDRESS | CITY | STATE | ZIP | HOME PHONE | HOW LONG AT THIS ADDRESS? YRS. MOS. |
|---|---|---|---|---|---|

| PREVIOUS ADDRESSES (TO COVER 5 YEARS' RESIDENCE) | CITY | STATE | ZIP | HOW LONG? YRS. MOS. | LIVED IN THE COMMUNITY? YRS. MOS. |
|---|---|---|---|---|---|
| | CITY | STATE | ZIP | HOW LONG? YRS. MOS. | LIVED IN THE COMMUNITY? YRS. MOS. |

| PRESENT EMPLOYER | OCCUPATION OR RANK | WAGES/SALARY-GROSS $ | ☐ Per Week ☐ Per Month ☐ Per Year | HOW LONG EMPLOYED? YRS. MOS. |
|---|---|---|---|---|

| PRESENT EMPLOYER'S ADDRESS | CITY | STATE | ZIP | WORK PHONE |
|---|---|---|---|---|

| PREVIOUS EMPLOYMENT (TO COVER 5 YEAR HISTORY) | ADDRESS | CITY | STATE | ZIP | PHONE | HOW LONG EMPLOYED? YRS. MOS. |
|---|---|---|---|---|---|---|
| | ADDRESS | CITY | STATE | ZIP | PHONE | HOW LONG EMPLOYED? YRS. MOS. |

| NEAREST RELATIVE NOT LIVING WITH APPLICANT | ADDRESS | CITY | STATE | ZIP | PHONE | RELATIONSHIP |
|---|---|---|---|---|---|---|

**INCOME:**

Applicant's gross monthly income from employment.............................................................. $ _____

Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

Alimony, child support, separate maintenance received under:   court order ☐   written agreement ☐   oral understanding ☐   AMOUNT $ _____

Amount of other monthly income and source(s)................................................................... $ _____

## SECTION D. Asset and Debt Information: List all Debts including Alimony, Child Support, Separate Maintenance. (Use a Separate Page if Necessary)     TOTAL MONTHLY INCOME $ _____

| LANDLORD OR MORTGAGE HOLDER (APPLICANT) ☑ YES ☐ NO | ADDRESS | ACCOUNT NO. | MORTGAGE BALANCE $ | PYMNT. OR RENT $ |
|---|---|---|---|---|
| LANDLORD OR MORTGAGE HOLDER (APPLICANT) ☐ YES ☐ NO | ADDRESS | ACCOUNT NO. | MORTGAGE BALANCE $ | PYMNT. OR RENT $ |

| DATE HOME PURCHASED | AGE OF HOME | PRICE PAID FOR HOME | ESTIMATED VALUE | 2ND MORTGAGE BALANCE $ | PAYMENT $ |
|---|---|---|---|---|---|

| FURNITURE OWNED-NO. ROOMS: | TO WHOM BALANCE OF FURNITURE OWED: | BALANCE OWED: $ | ESTIMATED VALUE: $ |
|---|---|---|---|

| TYPE OF CREDIT | COMPANY NAME OF ALL OBLIGATIONS | ACCOUNT NUMBER | | | ADDRESS | BALANCE | HIGH | MNTHLY PYMNTS OR DATE CLOSED |
|---|---|---|---|---|---|---|---|---|
| | | NAME IN WHICH ACCT. CARRIED | ☐ OPEN | ☐ CLOSED | | $ | $ | $ |
| | | ACCOUNT NUMBER | ☐ OPEN | ☐ CLOSED | | | | |
| | | NAME IN WHICH ACCT. CARRIED | | | | $ | $ | $ |
| | | ACCOUNT NUMBER | ☐ OPEN | ☐ CLOSED | | | | |
| | | NAME IN WHICH ACCT. CARRIED | | | | $ | $ | $ |
| | | ACCOUNT NUMBER | ☐ OPEN | ☐ CLOSED | | | | |
| | | NAME IN WHICH ACCT. CARRIED | | | | $ | $ | $ |

| PRESENT VEHICLE FINANCED BY / LEASED BY | ADDRESS | ACCOUNT NO. | $ |
|---|---|---|---|
| PRESENT VEHICLE FINANCED BY / LEASED BY | ADDRESS | ACCOUNT NO. | |

## SECTION A

# CREDIT APPLICATION
(Check appropriate box below)

**IMPORTANT: READ THESE DIRECTIONS BEFORE COMPLETING THIS APPLICATION**

**(Purchase / Lease)**

☐ If you are applying for individual credit in your own name, are not married (or not a resident of a community property state), and are not relying on alimony, child support, or separate maintenance payments or on the income or assets of another person as the basis for repayment of the credit requested, complete all sections except Section C.

☐ In all other situations, complete all sections and, in Sections C and D include information about the joint applicant, your spouse, or other person on whose alimony, support, or maintenance payment or income or assets you are relying.

If you intend to apply for joint credit, please initial here.

_____          _____
APPLICANT                                      JOINT APPLICANT

**NOTE: APPLICANT, IF MARRIED, MAY APPLY FOR A SEPARATE ACCOUNT.**

**SECTION D. Asset and Debt Information: List all Debts including Alimony, Child Support, Separate Maintenance. (Use a Separate Page if Necessary)    TOTAL MONTHLY INCOME    $** ████████

| LANDLORD OR MORTGAGE HOLDER (APPLICANT) ☒ YES ☐ NO | ADDRESS | ACCOUNT NO. | MORTGAGE BALANCE $ | PYMNT. OR RENT $ |
|---|---|---|---|---|
| LANDLORD OR MORTGAGE HOLDER (APPLICANT) ☐ YES ☐ NO | ADDRESS | ACCOUNT NO. | MORTGAGE BALANCE $ | PYMNT. OR RENT $ |