UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                    Date: April 29, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

   Rolls Royce Paschal                        N/A
Deputy Clerk                           Court Reporter

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

    Not Present                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S ORDER [43]**

In this dismissed case, Plaintiff Lindon Andre Voglezon, II, representing himself, alleged that Defendants CIG Financial, LLC, doing business as AutoNation Finance ("AutoNation") and Valencia B Imports, Inc. ("Valencia BMW" and, together with AutoNation, "Defendants") ran an impermissible consumer credit report check on Plaintiff. (*See generally* Dkt. 25 ("First Amended Complaint" or "FAC").) The court granted Defendants' motion to dismiss without leave to amend because the court found that "Plaintiff's allegations, exhibits attached to Plaintiff's complaint, and a credit application signed by Plaintiff, reflected that Defendants had permission to run Plaintiff's credit" which nullified Plaintiff's claims. (Dkt. 42 ("Prior Order"); Dkt. 35-1 ("Credit Application").) Further, Plaintiff did "not provide legal authority, nor adequately allege a theory of why the court should not hold him to the [Credit Application] he signed." (Prior Order at 4.) The court denied leave to amend because Plaintiff had already had an opportunity to cure those same deficiencies through amendment. (*Id.* at 5.)

Now before the court is Plaintiff's motion to amend the Prior Order to grant Plaintiff leave to file a second amended complaint under Federal Rule of Civil Procedure 59(e).[1] (Dkt.

---

[1] The court has jurisdiction to decide the Motion despite Plaintiff's subsequently filed notice of appeal because "a party's notice of appeal does not become effective until after the district court resolves a pending Rule 59(e) motion." *Cervantes v. Noble*, 2026 WL 44811, at \*2 (D. Ariz. Jan. 7, 2026); Fed. R. App. P. 4 ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                                           Date: April 29, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

43 ("Motion" or "Mot.").)  Based on the state of the record, as applied to the relevant law, the court **DENIES** the Motion.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Plaintiff argues that the first prong—a manifest error of law—applies here and that Plaintiff's proposed amended complaint "demonstrates amendment is not futile." (Mot. at 2; *see* Mot. Ex. 1 ("SAC").)  More specifically, Plaintiff argues that his amended pleading adequately alleges "fraud in the inducement (fraud in factum)" such that the Credit Application is void.  (Mot. at 3.)

Fraud in the inducement is a legal doctrine that renders a contract voidable where "the promisor knows what he or she is signing but his or her consent is induced by fraud, rendering the contract voidable." *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 232 (2013).  "California law provides that if there is fraud in the inception of an agreement such that 'the promisor is deceived as to the nature of his act,' then 'mutual assent is lacking' and the contract is void. *Castillo v. CleanNet USA, Inc.*, 358 F. Supp. 3d 912, 930 (N.D. Cal. 2018) (quoting *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 415 (1996)).  "To succeed on this theory, Plaintiff must show: (1) misrepresentation (including by omission) and (2) reasonable reliance on that misrepresentation." *Id.* (citing *Rosenthal*, 14 Cal. 4th at 419-20).

As to misrepresentation, Plaintiff's proposed SAC alleges that he was told he "needed to complete paperwork for 'identify verification' and [Defendants] represented that a credit pull was not required." (SAC ¶ 12.)  Even assuming that Plaintiff adequately alleges a misrepresentation by Defendants, the court finds that Plaintiff's proposed SAC does not sufficiently allege that he reasonably relied on that misrepresentation.  "California law supports

becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02407-FWS-ADS                    Date: April 29, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

[the] position that fraud does not render a written contract *void* where the defrauded party had a reasonable opportunity to discover the real terms of the contract." *Rosenthal*, 14 Cal. 4th at 419-20.  The "threshold for demonstrating fraud in the inception is high." *Castillo*, 358 F. Supp. 3d at 932.

Here, the Credit Application is clearly titled as such:

(Credit Application at 1 of 12.)  Moreover, at least two sections of the Credit Application state that Defendants are entitled to pull Plaintiff's credit.  The first section authorizes Defendants to "gather whatever credit and employment history it considers necessary and appropriate to determine creditworthiness[.]"  (Credit Application at 6 of 12.)  Plaintiff signed just below that paragraph.  (*Id.*)  Elsewhere, Plaintiff again signed the Credit Application below a section which read in part:

> I authorize dealer and any finance company, bank or other financial institution to which the dealer submits my application ('you') to investigate my credit and employment history, verify my income, obtain credit reports, and release information about your credit experience with me as the law permits.  I further authorize you to forward my application and all related information to other creditors for evaluation as a method of effectuating my request for credit.  If an account is created, I authorize you to obtain credit reports for the purpose of reviewing or taking collection action on the account, or for other legitimate purposes associated with the account.

(Credit Application at 11 of 12.)  Plaintiff alleges that he did not fill out a different portion of the Credit Application that asked whether Plaintiff was a landlord or mortgage holder, (SAC

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02407-FWS-ADS                    Date: April 29, 2026
Title: Voglezon v. CIG Financial, LLC *et al.*

¶ 21), but does not contest that he signed the sections discussed above. (*See* SAC ¶ 13 ("Plaintiff . . . signed where directed.")

Plaintiff's conclusory allegation that he "rel[ied]" on Defendants' representations and "did not knowingly apply for dealership-arranged financing," (SAC ¶ 13) is insufficient given the plain text of the Credit Application. *See Rosenthal*, 14 Cal. 4th at 426-27 (concluding "that the statements of [defendants' representatives] to the effect the client agreements were merely a formality, or did not need to be read, were insufficient, even in light of the parties' relationship, to warrant a finding of fraud in the inception of the agreements" as to "those plaintiffs whose declarations disclose no additional evidence of fraud" where the disputed arbitration clause was in "bold print" on a one-page document).

The court thus finds that, even taking Plaintiff's proposed amended allegations as true, Plaintiff's "failure to take measures to learn the contents of the document [he] signed is attributable to [his] own negligence, rather than to fraud on the part of" Defendants. *Id.* at 431; *see also Dimas v. Costco Wholesale Corp.*, 2023 WL 2999966, at *3 (E.D. Cal. Apr. 18, 2023) (granting motion to compel arbitration and dismissing action where "even taking Plaintiff's version of the facts as true, Plaintiff has not convinced the Court that he reasonably relied on the [defendants' employee's] misrepresentations and/or omissions"); *Montes v. Capstone Logistics, LLC*, 2025 WL 2505561, at *7 (E.D. Cal. Sept. 2, 2025), *report and recommendation adopted,* 2025 WL 2781283 (E.D. Cal. Sept. 29, 2025) ("Plaintiff had a reasonable opportunity to know of the character and essential terms of the Agreement in her primary language but unreasonably relied upon a representative's alleged deficient oral recitation of the agreement.").

The court is therefore not persuaded by Plaintiff's motion or proposed amended complaint that it made a manifest error of law and thus **DENIES** the Motion.

_____